DAVID FREEMAN V. M. D. MILLER.

1. GARNISHMENT—PRACTICE.—When a garnishee, without any excuse given therefor shown on the record, fails to make any answer to one or more of the statutory questions, the court is authorized to proceed as though no answer had been made, and render judgment accordingly. If, from any cause, injustice has been done the garnishee, he can only be relieved by initiating himself a proper proceeding to set aside the judgment.

2. GARNISHNENT.—The fact that the officer's return fails to show that legal process issued to compel the garnishee to appear and answer, cannot affect the jurisdiction of the officer before whom the garnishee appeared and made such partial answers.

3. GARNISHMENT.—The rule that, as between two contesting parties, a garnishee has no right to accept or waive service of the proceedings, thereby favoring one party at the expense and injury of another, does not apply in the suit of a creditor against the garnishee himself, when he has voluntarily appeared before the officer, no rights of opposing creditors being involved.

4. DISTINGUISHED.—This case distinguished from Adams v. McCown, 15 Tex., 349.

5. STATUTE CONSTRUED.—Paschal's Dig., art. 157, construed.

APPEAL from Williamson. Tried below before the Hon. E. B. Turner.

M. D. Miller sued Negbaur & Robins, partners, on protested drafts drawn by the latter on D. Freeman in favor of the former. Petition in ordinary form.

In addition to suing Negbaur & Robins, Miller alleged

grounds for writ of garnishment directed to D. Freeman, a citizen of Galveston, the drawee in the drafts, and who had declined to pay them.

Service on defendants and writ of garnishment to Freeman.

Defendant Robins made default. Negbaur demurred and denied generally. Judgment final was rendered against both defendants for the amount sued for.

Freeman, the garnishee, did not answer the writ. Commission was sued out, with interrogatories, and sent to a notary at Galveston.

The notary took the answers of garnishee and returned them.

Plaintiff excepted to the answer of garnishee on the ground that it failed to respond to two of the interrogatories embraced in the commission, and moved for judgment against him.

The court rendered judgment against defendants Negbaur & Robins, and then rendered judgment against the garnishee for the whole sum, ($1,382.93,) because, as recited in the judgment, he had failed to answer the interrogatories propounded in the garnishment according to law.

From this judgment the garnishee sued out writ of error and filed the following assignments of error:

1. That it does not appear that the interrogatories annexed to the commission were ever propounded to him by the officer, or that they were ever read to him, or served on or seen by him.

2. That it does not appear that he failed or refused to make due answer to any interrogatory propounded to him by the officer charged with the execution of the commission.

3. That it does not appear that he failed or refused to make due answer to any interrogatory under said commission, or that he was ever cited by the officer to appear and answer the same, or that said officer ever certified that he had failed or refused to answer.

4. That there was no ascertainment of the nature or of the value of any pretended credits or effects.

5. That there was no notice to him of any motion or application for judgment against him.

6. That it was incompetent for the court to render judgment against him for failing or refusing to answer, except when such failure or refusal was certified by the officer charged with the execution of the commission in conformity with the statute in such cases made and provided.

7. Because it is not competent for the court to render final judgment against a garnishee upon failure or refusal to answer as to credits or effects in his hands, or in the hands of any other person known to him, without evidence.

8. The said judgment is contrary to the law, in that it does not sufficiently appear that petitioner ever failed, neglected, or refused to answer the writ of garnishment in the first instance.

9. The judgment is not supported by the evidence.

10. There is no evidence on which to base the judgment.

11. The judgment is oppressive, unjust, and inequitable.

The action of the garnishee and of the officer before whom he appeared will be seen from the following return:

"STATE OF TEXAS, }          M. D. MILLER
                              *vs.*
*Galveston County.* }     D. FREEMAN, *Garnishee.*

" Suit pending in the District Court of Williamson county, State of Texas.

"In obedience to the foregoing and annexed commission, I, John S. Shields, a duly commissioned and qualified notary public in and for the county of Galveston, D. Freeman, the witness named therein, personally appeared before me, in my office, in the city of Galveston, this day, and after being duly sworn, in answer to the interrogatories propounded in said commission, deposes and says: That he is not indebted to the firm of Negbaur & Robins, or to Herman Negbaur or R. R. Robins as individuals; but, on the contrary, the said

firm of Negbaur & Robins are indebted to him, the witness, D. Freeman, in the sum of $70.16, and have owed him that amount of money since the 30th day of January, 1878.

"And, further, this witness prays the court that he be dismissed as garnishee.　　　　　　　　　D. Freeman.

"And said answers, having been reduced to writing by me, were then and there sworn to and subscribed before me by the said witness, the said D. Freeman.

"To certify all of which, I hereunto subscribe my name and affix my official seal, at my office, in the city of Galveston, this 5th day of April, 1878.

[L. S.]　　　　　　　　　"John S. Shields,
　　　　　　　　　"*Notary Public, Galveston county.*"

*R. G. Street* and *Walton, Green & Hill,* for appellant.—The garnishee was not cited to come before the officer. He did not refuse to answer. The officer did not certify a refusal on the part of garnishee to answer. (Paschal's Dig., arts. 157, 167.)

The garnishee, D. Freeman, did not admit an indebtedness to defendants, nor was any indebtedness proven. He did not admit or deny the possession of credits or effects of the defendants in his possession, nor was any evidence taken as to the value of any effects or credits supposed to be in his possession. (Paschal's Dig., arts. 157, 167; Willis *v.* Lyman, 22 Tex., 269, 270; Haggerty *v.* Ward, 25 Tex., 146; Culbertson *v.* Ellison, 20 Tex., 102; McRee *v.* Brown, 45 Tex., 508, 509; Sayles' Treat., sec. 634; Drake on Attach., secs. 451*b*, 461, 462, 633; Brotherton *v.* Anderson, 6 Mo., 388; Briggs *v.* Sholes, 14 N. H., 263.)

The evidence does not warrant the judgment. (Paschal's Dig., arts. 157–167; Sayles' Treat., sec. 634; Willis *v.* Lyman, 22 Tex., 269, 270; Drake on Attach., secs. 451*b*, 461, 462, 633; Flanegan *v.* Earnest, 1 Chand., (Wis.,) 164; Davis *v.* Pawlette, 3 Wis., 306; Brown *v.* Slate, 7 Humph., (Tenn.,) 113; Wetherill *v.* Flanagan, 2 Miles, (Penn.,) 243; Bean *v.*

Bean, 33 N. H., 285; Smith v. Bruner, 23 Miss., 508; Morse v. Marshall, 22 Iowa, 292.)

*J. H. Robertson* and *J. W. Robertson*, for defendant in error.

Bonner, Associate Justice.—David Freeman, a resident citizen of Galveston county, was garnished at the instance of M. D. Miller, in a suit brought by him in Williamson county against Negbaur & Robins. On failure of Freeman to answer, commission, under the statute, issued to Galveston county, propounding to him the three statutory questions:

1. What he was indebted to the defendants Negbaur & Robins.

2. What effects of the defendants he had in his possession at the date of the serving on him of the writ of garnishment.

3. What credits or effects of the defendants were in the hands of any other person, and what person.

In response to the first interrogatory, the garnishee answered that he was not indebted to the defendants, but that they were indebted to him, and failed to answer the other two questions. No reason is shown in the record for this failure.

Exceptions were taken by Miller, because the garnishee had failed to answer the second and third interrogatories, and judgment was asked and obtained against him for the amount of the judgment rendered against the defendants Negbaur & Robins. The record does not show any separate action of the court upon the exceptions, but, after reciting that the garnishee had failed to appear and answer after due call, judgment was rendered against him.

Our statute provides that if the garnishee shall fail or refuse to appear and answer the interrogatories, it shall be lawful for judgment to be rendered against him for the amount of that against the defendants. It does not, however, prescribe the practice under the particular circumstances presented in this case, where only one of the interrogatories is answered; and we are left to adopt that construction which, in our opin-

ion, will best conform to the spirit and intention of the law and the general practice of this court in analogous cases. Different rules of practice seem to prevail in different States, owing doubtless to want of uniformity in the several statutes.

Although proceedings by garnishment should be strictly construed, yet when the statute prescribes the precise questions to be asked and requires that they shall be answered, under the penalty of liability to judgment, we think it the proper practice to require the garnishee to comply with the statute and make full answer. This is the rule prescribed in the Revised Code of 1876, which will soon govern in such cases. (Rev. Code, arts. 203, 204.) If a different practice were adopted, then it would be in the power of the garnishee, either by evasion or neglect, to so delay the progress of the proceedings against him as to impair, if not defeat, the objects of the statute.

Mr. Drake says: "The important points to be attained in framing a garnishee's answer are fullness and explicitness. The absence from an answer of either of these qualities might in many cases subject the garnishee to a judgment against him." (Drake on Attach., sec. 634.) That the garnishee must answer all the questions in a plain and distinct manner, or he will be made liable; (Id., secs. 636, 636*a*;) and that his answer must be taken most strongly against him. (Id., secs. 656, 657.)

We are further of opinion, that in a case like the one now before the court, where the garnishee, without any excuse therefor shown on the record, fails to make any answer to one or more of the statutory questions, then the court is authorized to proceed as though no answer had been made, and render judgment accordingly; and that if from accident, mistake, or other cause, injustice has been done the garnishee, he himself must take the initiative, and, by motion made in due time, or other proper proceedings, seek to set aside the judgment.

Mr. Drake says that in many of the States a judgment by

default may be taken against a garnishee upon his failure to answer; that by such failure he is *prima-facie* guilty of negligence, and cannot obtain relief unless, by rebutting this presumption of negligence, he can induce the court to set aside the judgment and permit him to answer.

This we think the proper practice, and one which accords with the decisions of this court in analogous cases. (Dowell *v.* Winters, 20 Tex., 797.)

It is contended in argument that the officer's return to the depositions fails to show that legal process issued to compel the garnishee to appear and answer, and that therefore the officer did not have jurisdiction, and hence, in law, there was no failure to answer.

We are of opinion that the rule which prevails, that, as between two contesting creditors, the garnishee has no right to accept or waive service of the proceedings, thereby favoring one party at the expense and injury of another, does not apply in the suit of a creditor against the garnishee himself on his answer, when he has voluntarily appeared before the officer, no rights of an opposing creditor being involved. (Drake on Attach., sec. 451*b*.)

The case now before the court is different from that of Adams *v.* McCown, 15 Tex., 349, where the failure to answer was occasioned by a defect in the commission, the clerk having failed to insert the proper interrogatories therein.

In the case of Lockhart *v.* Bowles, Court of Appeals, 1 Tex. Law Jour., 396, it seems that a full answer had been made, although not sworn to. No objections were taken to the same, but it was contested. After the cause had been continued, and in the absence of the garnishee, judgment by default was rendered against him; and upon this and another ground it was properly decided that there was error.

That portion of the statute (Paschal's Dig., art. 157) which provides that judgment may be rendered against the garnishee for all sums of money or effects of the defendant which may be proved to be due by the garnishee or in his posses-

sion, does not apply to a case like the present, but to one in which the answer of the garnishee is contested.

There being no error in the judgment below, the same is affirmed.

AFFIRMED.