### E. S. JEMISON V. JOHN SCARBOROUGH.

(Case No. 883.)

1. ANSWER OF GARNISHEE, DEFECT IN.— Where the answer of a garnishee, taken on commission, and made at a date subsequent to the service of the writ, fails to state his indebtedness, or what effects, etc., he had at the date of the service of the writ, such answer is defective. It is error on such answer to discharge the garnishee.

2. SAME — PRACTICE, IF ANSWER NOT EVASIVE.— But where the interrogatory, though using the terms of the statute, is misleading, and the court is satisfied that the answer, though defective, is not willfully evasive, the answer, if excepted to, should be set aside and a new commission issued.

3. INTERROGATORY — REQUISITES OF — AS TO EFFECTS.— The interrogatory should have required the garnishee to answer as to what effects of one party or the other he had in his possession at the time the writ was served; and what effects of such person, or either of them, he had in his possession at the time of his answer.

4. GARNISHMENT, HOW CONSTRUED. — The act giving the remedy of garnishment is not liberally construed in favor of the party resorting to the remedy.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

Jemison recovered a judgment against the firm of Dobson & Clark for $642.40, to be made out of the firm property and the individual property of Dobson. On that judgment he sued out a writ of garnishment against appellee Scarborough, who resided in Trinity county, on the 12th day of February, 1875. A commission was

issued to the clerk of the district court of Trinity county, requiring him to cause Scarborough to go before him and answer under oath "what he is indebted to the said firm of Dobson & Clark, and Thomas Dobson individually; or what effects of the said Dobson & Clark and of said Thomas Dobson he has in his possession, and had on the 22d day of February, 1875 (the time when the writ of garnishment was served); and what credits and effects there are of said Dobson & Clark and of said Thomas Dobson in the hands of any other person, and what person, to the best of his knowledge and belief." The garnishee appeared before the officers September 18, 1875, and answered as follows: "I do not owe Thomas Dobson anything; and I do not owe the firm of Dobson & Clark anything; and I have no effects of the said Dobson & Clark in my possession, or of Thomas Dobson individually, and do not know who has."

Jemison made a motion against Scarborough for judgment, on the ground that the answer was evasive, insufficient and not responsive to the commission. The court overruled the motion and rendered judgment discharging the garnishee on his answer. The appellant assigned as error the overruling of his motion for judgment.

*Willie & Cleveland,* for appellant.

No briefs for appellee on file.

WATTS, J. COM. APP.— Having considered the question involved in this appeal, the conclusion reached by us is that the judgment of the court below should be reversed and the cause remanded.

The statute provides that where the garnishee resides in a county other than that in which the proceeding is pending, that then a commission shall issue to the county of his residence for the purpose of taking his answers.

Should the garnishee, when notified, fail to appear and

answer, then the officer to whom the commission was issued is required to certify that fact; and thereupon the court is authorized to render judgment by default as in other cases of garnishment where there is no answer filed.

This is not a case where the garnishee is in default for the want of an answer; but here the answer is defective, and, standing alone, would not authorize a judgment to be rendered discharging him; but until excepted to, it is such an answer as ought to preclude the rendition of a judgment by default against him. In such case the plaintiff ought to except to the answer; for then, if the same is insufficient, the garnishee would have the right to amend, so as to fully place his case before the court; or the court might of its own motion, in the exercise of a sound discretion, set aside the answer and award another commission. This discretion should, however, only be exercised in such cases where the court is satisfied that there is no willful evasion for the purposes of delay or to defeat a liability. In the answer before us there is no admission of indebtedness, nor of the possession of effects; as far as it goes the answer is direct and categorical; the defect consists in not answering all the questions propounded in the commission. These questions are not numbered consecutively, nor separately and distinctly propounded, and it is not improbable that one not skilled in legal procedure, under such circumstances, might fail to appreciate the necessity for making distinct and specific answers to each branch of the one interrogatory.

The interrogatory in this cause not answered was in its form misleading, in that it required the garnishee to answer as to what effects of Dobson & Clark and of Thomas Dobson he has in his possession, and had at the time the writ was served. It should have required him to answer as to what effects of Dobson & Clark or Thomas

Dobson (who was a member of said firm) he had in his possession at the time the writ was served upon him; and what effects of such persons, or either of them, he had in his possession at the time of his answer.

Although the statute connects the verbs has and had by the conjunction "and," the interrogatory, in order to not be misleading, should connect these words by the conjunction " or."

This case is not similar to that of Freeman *v.* Miller, 51 Tex., 443.

It should be remembered that the garnishee is not in default in the payment of his debt; his creditor is not making the demand.   His liability is dependent upon his being indebted to, or having effects of, the defendant in the original suit.   The process of garnishment is an inquisitorial proceeding, given to ascertain these facts, so that the effects of the original defendant might be reached and subjected to the payment of his just debts.   The act giving this remedy is not entitled to, nor has it ever received, a liberal construction in favor of the party resorting to the remedy.

The judgment ought to be reversed and the cause remanded.

                                    REVERSED AND REMANDED.