## HOLLOWAY SEED COMPANY V. CITY NATIONAL BANK OF DALLAS.

### No. 684. Decided October 20, 1898.

**1. Garnishment—Controverting Answer.**

The answer of a garnishee denying that he has effects of the debtor in his hands may be controverted and judgment rendered against the garnishee upon that issue, though the writ was obtained upon an affidavit charging the garnishee as being indebted, not as having effects in his hands. Rev. Stats., arts. 220, 226, 228, 237, 238. (Pp. 189, 190.)

**2. Garnishee—Fraudulent Purchase—Confusion of Goods—Pleading.**

A garnishee with respect to goods fraudulently purchased from the attachment debtor which he has mingled with his own so as to make them incapable of identification, may be held liable for the whole stock as so confused, though the affidavit controverting his answer presents no issue as to such confusion of goods, all things being presumed against the spoliator. (Pp. 190, 191.)

**3. Garnishment—Effects of Debtor—Judgment.**

Ordinarily, where it appears that the garnishee has effects of the debtor in his possession, the only judgment authorized by the statute is that he deliver the property to the sheriff, and the only statutory method of enforcing such judgment is by an attachment for contempt. Rev. Stats., arts. 240, 241. An alternative personal judgment for their value in case they should not be surrendered is unauthorized; and though such money judgment may be obtainable, in a new suit or by ancillary proceeding, in case of conversion by the garnishee of goods subjected to the lien either before or after the service of the writ, it can only be had upon appropriate pleadings by plaintiff in garnishment presenting such issue. (Pp. 191, 192.)

**4. Assignment of Error—Fundamental Error.**

To render a judgment without proper pleadings to support it is error in law apparent on the face of the record, which the Court of Civil Appeals should consider without an assignment. (P. 192.)

#### ON MOTION FOR REHEARING.

**5.—Reversal—Waiver by Defendant in Error.**

Where, upon reversal of judgment for error in awarding an alternative personal judgment against a garnishee in case of failure to deliver the goods held subject to the writ, because such judgment was not authorized by the pleadings, plaintiff in garnishment waives his claim to such personal judgment, the judgment, being otherwise correct, may be reformed and rendered. (P. 193.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

In garnishment by the bank against seed company, judgment was rendered for the bank, and the garnishee upon affirmance on its appeal obtained writ of error.

*Crawford & Crawford* and *Hudson & Woody*, for plaintiff in error.—In garnishment proceedings the affidavit is the commencement of the suit so far as the garnishee is concerned, and all subsequent proceedings and inquiries must be confined to the grounds set out in the affidavit. Rood on Garnishment, secs. 50, 247, 249; Mack v. Brown, 20 Mich., 335; Botsford v. Simmons, 32 Mich., 352; Bowers v. Insurance Co., 65 Texas, 52; Rev. Stats., art. 219; Scurlock v. Railway, 77 Texas, 478; Adams v. McCown, 15 Texas, 350.

The judgment entered in this cause is unauthorized by the statute. There is no finding that the Holloway Seed Company was indebted to George R. Holloway, and consequently no basis for the moneyed judgment against the seed company for $5000. Rev. Stats., art. 239.

*McCormick & Spence* and *Morris & Crow*, for defendants in error.— When a valid application for garnishment is filed the court acquires jurisdiction to issue the writ, and its terms are fixed by the statute and not by the contents of the affidavit or application, and if there was a defect in the affidavit it should have been called to the attention of the court by motion to vacate or quash, and a failure to do so before the trial was a waiver of such defect. Rev. Stats., arts. 217, 219, 220, 222, 225, 226, 240, 241, 245; White v. Lynch, 26 Texas, 195; Freeman v. Miller, 51 Texas, 443; Scurlock v. Railway, 77 Texas, 478; Curtis v. Bank, 78 Texas, 260.

The case at bar, based on the judgment of the court below, lays down a proper rule of practice in such cases, otherwise the judgment would be wholly ineffective to accomplish results except as the statutes for contempt might aid same; but if this court thinks otherwise, then appellee submits the facts of this case are exceptional, as the only assets or property appellant ever owned or possessed was the stock of merchandise fraudulently assigned to it by George R. Holloway or the proceeds of that stock after it was converted into money and reinvested; this conversion and reinvestment took place after the service of the garnishment, and as many if not all of the goods on hand when the garnishment was served had disappeared in due course of business, as shown by the evidence, the only effective judgment the court could render was for the goods on hand when the garnishment was served, to be delivered up and sold, or, if they could not be found, judgment and execution to collect their value.

The service of the writ of garnishment has the effect of placing the property of the debtor in the hands of the garnishee at the time, in custodia legis, and in creating a lien on the property in favor of the plaintiff in the writ, and such lienholder may sue even third parties, in the same or in a separate suit, for the value or for a conversion of the property or trespass upon it, and may certainly have a decree against the garnishee for a like conversion or trespass; the right relates back to the date of the service of the writ or levy, and no act of the garnishee subsequent to the service of the writ can defeat the right to reach the effects or their value or proceeds in that action. Willis v. Yates, 12

S. W. Rep., 232, 482; Focke v. Blum, 82 Texas, 436; Ash v. Akin, 2 Texas Civ. App., 83; Bell v. Stewart, 44 S. W. Rep., 925.

GAINES, CHIEF JUSTICE.—The defendant in error, an attaching creditor of G. R. Holloway, made affidavit and caused a writ of garnishment to issue and be served upon the plaintiff in error, a private corporation. The garnishee answered, that it was not indebted to the judgment debtor and had no effects of his in its possession, but that he was the owner of one share of the stock in the corporation. The plaintiff in garnishment contested the answer, alleging in substance that the garnishee had in its possession a stock of merchandise consisting of "farm and garden seeds and grains," which had been transferred to it by G. R. Holloway with the intent to defraud his creditors, and that the garnishee knew of the fraudulent intent at the time of the transfer. The garnishee replied, admitting the transfer to it of the merchandise, but denied all fraud on part of the seller and knowledge on its part of any fraudulent intent of the seller, if such in fact existed. The garnishee also alleged that it gave for the merchandise stock in the corporation of the value of $5000 and that such was the value of the goods. The court found that the sale was fraudulent and that the garnishee had knowledge of the fraud, and gave judgment for the plaintiff—ordering the seed company to turn over the goods, and directing that upon its failure to do so, execution should issue against it for the sum of $5000, the assessed value thereof.

The garnishee having appealed and the Court of Civil Appeals having affirmed the judgment, the case is brought to this court upon a petition for a writ of error, which assigns four grounds of error. Two of these, in our opinion, present substantially the same question.

The affidavit which was filed for the purpose of obtaining the writ was against the Holloway Seed Company and another corporation. The affidavit is made by an agent. As grounds for the writ, it states "that it and its agent, who makes affidavit hereto, have reason to believe and do believe that the said garnishees are each indebted to the defendant George R. Holloway, and that the garnishee Holloway Seed Company is a private corporation and that the defendant George R. Holloway is the owner of shares in said corporation," etc. The effect of the plaintiff in error's third and fourth assignments in this court is to claim that since it was not alleged in the affidavit that the garnishee had effects of the attachment debtor in its hands, the court erred in trying that issue and in rendering judgment against it for such effects. The Court of Civil Appeals held that this objection to the proceedings was not well taken, and we think that their ruling is correct. The point is ably discussed in the opinion of that court, and it is hardly necessary to add anything to what is there said. We will, however, venture some additional remarks upon the question. The writ of garnishment is the creature of the statute and the procedure a matter of statutory regulation. Under the statutes of some of the States the objection here taken would

be good. They contain language which shows that the intention was that the contest should be confined to the specific allegation made in the affidavit. It is not so, however, with our statutes. Under article 219 of the Revised Statutes the plaintiff may obtain the writ (the other requisites existing) by making affidavit that he has reason to believe and does believe in the existence of either one of three facts: (1) that the garnishee is indebted to the defendant; (2) that he has effects of the defendant in his possession; and (3) the garnishee is a corporation, and that the defendant owns shares or an interest therein. But whatever the ground upon which the writ is obtained, the garnishee is required in every case "to answer upon oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what effects, if any, of the defendant he has in his possession, and had when such writ was served, and what other persons, if any, within his knowledge, are indebted to the defendant or have effects belonging to him in their possession." Rev. Stats., art. 220. The garnishee is required to "make true answers to the several matters inquired of in the writ." Rev. Stats., art. 226. If the garnishee does not answer, or if he does not fully answer, the plaintiff may take judgment against him for the amount of his demand. Rev. Stats., arts. 228, 237, 238; Selman v. Orr, 75 Texas, 528; Jemison v. Scarborough, 56 Texas, 358. The answers as to matters not alleged in the affidavit were not, in our opinion, intended as an idle ceremony, but were to bring every debt due the defendant by the garnishee and all effects of the defendant held by him before the court in order that they might be subjected to the payment of the plaintiff's demands. All the provisions of our garnishment law taken together show that this was the policy; and we think it a wise one. A creditor may believe that a person has effects belonging to his debtor in his possession, and may have no reason to believe that he owes him a debt; and we see no good reason why, when in such a case a writ of garnishment has been obtained on the ground of the existence of effects, the garnishee should not answer as to debts also; and so likewise as to effects when the ground alleged in the affidavit is that the garnishee is believed to be indebted. That the effect of the writ of garnishment was not to be limited to the matter alleged in the affidavit is further shown by the fact that the garnishee is required to answer as to his knowledge of other persons who are indebted to the defendant or have effects of his in their possession. This we apprehend is merely for the purpose of discovery, but it indicates that the intention was to give the writ a wide scope as a remedial process.

The evidence showed that after the seed company obtained possession of the stock of goods it carried on a business with it, buying and selling in the usual course of trade, so as to make the original articles incapable of identification. There were no allegations in the pleadings of either party with reference to this matter. The court held that since the garnishee after the service of the writ had so mingled other merchandise of

a like character with the original articles of the stock as to make it impracticable to distinguish them, it should deliver up to the sheriff the whole stock as it existed at the time of the trial. The complaint here is that the court erred in its ruling, because the facts upon which it was based were not pleaded.

We are of the opinion, however, that it was not a matter necessary to be pleaded. The rule as to the confusion of goods is merely a rule of evidence. The wrongful mingling of one's own goods with those of another, when the question of identification of the property arises, throws upon the wrongdoer the burden of pointing out his own goods; and if this can not be done, he must bear the loss which results from it. It is but an application of the principle that all things are presumed against the spoliator, that is to say, against one who wrongfully destroys or suppresses evidence. 1 Smith's Lead. Cas. Am., note to Armory v. Delamirie, p. 689. See also Bethel v. Linn, 63 Mich., 464. Clearly the evidence by which the property is to be identified need not be pleaded.

The remaining assignment is, that "the court erred in awarding a judgment against said seed company for $5000 in the event said company failed to deliver the seeds; such judgment was conditional, and was wholly unauthorized by any statute;" and we are of the opinion that it should be sustained. The following articles of the Revised Statutes apply to the case:

"Art. 240. Should it appear from the garnishee's answer, or otherwise, that the garnishee has in his possession, or had when the writ was served, any effects of the defendant liable to execution, the court shall render a decree requiring the garnishee to deliver up to the sheriff or any constable presenting an execution in favor of the plaintiff against the defendant, such effects or so much of them as may be necessary to satisfy such execution.

"Art. 241. Should the garnishee be adjudged to have effects of the defendant in his possession as provided in the preceding article, fail or refuse to deliver them to the sheriff or constable on such demand, the officer shall immediately make return of such failure or refusal, whereupon, on motion of the plaintiff, the garnishee shall be cited to show cause at the next term of the court why he should not be attached for contempt of court for such failure or refusal; and should the garnishee fail to show some good and sufficient excuse for such failure or refusal, he shall be fined for such contempt and imprisoned until he shall deliver such effects."

To our minds it is very clear from the latter article that in an ordinary case, where it appears that the garnishee has effects of the debtor in his possession, the only judgment authorized by the statute is that he deliver the property to the sheriff; and it is also clear that the only statutory method of enforcing the judgment is by attachment for contempt. It does not follow, however, that the plaintiff would be without remedy in case the garnishee should fail to obey the judgment of the court.

Since the plaintiff acquires by his proceeding a lien upon the effects, the garnishee, it would seem, could be proceeded against, either in an original suit or an ancillary proceeding, for the conversion of the property upon which he has acquired such lien. If in a case of fraudulent transfer the garnishee has sold a part of the effects transferred before the service of the writ, then, as is held in Willis v. Yates, 12 Southwestern Reporter, 232, he may be held liable to the extent of the goods so sold, as for a debt. And so we think that where he has sold or converted the goods in whole or in part after the writ has been served upon him, that the plaintiff is not without remedy in the very proceeding itself. While there is no express remedy given by the statute in such a case, and while the courts do not ordinarily go out of the statute to give additional remedies in case of garnishment, we are of the opinion that it was not intended that the garnishee could, by an unlawful disposition of the property after the service of the writ, force the plaintiff to a new suit. This we understand to be the ruling in the case of Willis v. Yates, cited above. But we also think that in neither case can the plaintiff have a judgment for money, either absolute or conditional, without pleading the facts from which the liability arises. For example, if the plaintiff had desired to show that the garnishee had disposed of a part of the goods before the service of the writ and to hold it responsible therefor, in its contest of the answer, it should have alleged the fact of such disposition and asked a judgment by reason of such fact. So, if it was desired to show a pecuniary liability on part of the garnishee by reason of its having disposed of a part or the whole of the effects after the service of the writ upon it, the plaintiff should have also pleaded the facts from which such pecuniary liability arose, so that the garnishee should have the opportunity of contesting them upon the trial. That the garnishee has so dealt with the effects that were found in his hands at the time of the service of the writ as to authorize a judgment against him for money is a substantive issuable fact necessary to be established in order to justify such a recovery; and in the absence of an appropriate allegation in his adversary's pleading he can not be called upon to meet it. It does not appear from either the original opinion or that on motion for a rehearing in the case of Willis v. Yates, cited above, whether the facts upon which the garnishee was held liable for a judgment for money in that case were pleaded or not (12 Southwestern Reporter 232, 482); but it is apparent the question of pleading was not there considered.

We will add, that we hardly think that the error just considered was properly assigned in the brief filed in the Court of Civil Appeals, but it was, however, made a ground of the motion for a rehearing and is assigned in this court. After careful consideration we have concluded that to render a judgment without proper pleadings to support it is "error in law apparent upon the face of the record," which that court should have considered without an assignment. Rev. Stats., art. 1014; Harris v. Petty, 66 Texas, 514.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion delivered June 20, 1898.

In a motion for rehearing, defendant in error presented the following:

"Appellee submits that the trial in the District Court having been before the court, and not a jury, this court looking at the status of the case as it then stood should render just such a judgment as the trial court should have rendered, and since the reversal is favorable to appellant, but in so far as the cause is remanded it is solely in the interest of appellee, to enable it to amend its pleading and try a new issue, which it does not desire to do, and since so much of the decree as is held invalid could not have prejudiced the rights of appellant as to that portion of the decree which is held valid, appellee files herein a waiver of its rights arising out of that portion of the decree held invalid and consents the judgment of the lower court may be reformed and rendered so as to conform it to the decision of this court and tax appellee with the costs of the appeal."

In support of the power of the court to thus reform and render judgment counsel cited: Rev. Stats. 1895, arts. 972, 1024, 1027; Chrisman v. Davenport, 21 Texas, 483; Edmudson v. Yates, 25 Texas, 373; Cornelius v. Thompson, 27 Texas, 31; Chadwick v. Meredith, 40 Texas, 380-384; Zapp v. Michaelis, 58 Texas, 270-276; Vance v. Lindsey, 60 Texas, 287-291; Torrey v. Cameron, 74 Texas, 187-191; Pearce v. Tootle, 75 Texas, 148-150; Railway v. Trawick, 80 Texas, 270-275; Railway v. Wesch, 85 Texas, 599; Maverick v. Routh, 7 Texas Civ. App., 669, 674-675; Harris v. Shafer, 86 Texas, 314-320; Railway v. Warren, 90 Texas, 566.

#### ON MOTION FOR REHEARING.

GAINES, CHIEF JUSTICE.—In disposing of this case upon the writ of error, we reversed the judgment of the District Court because it awarded a recovery for the value of the goods found to be in possession of the plaintiff in error at the time of the service of the writ of garnishment. We als remanded the cause in order to give the defendant in error an opportunity to plead and prove the facts that would entitle it to a money judgment. The defendant in error now comes and waives the right conceded to it by a remand of the cause, and moves the court to render such judgment as ought to have been rendered in the trial court; that is to say, "a decree requiring the granishee to deliver up to the sheriff or any constable presenting an execution in favor of the plaintiff against the defendant" the goods "or so much of them as may be necessary to satisfy such execution." Rev. Stats., art. 240. We see no good reason why the motion should not be granted. Accordingly, our former judgment is modified so that so much thereof as reverses the judgment of the trial

court shall stand and so much as remands the cause is set aside; and judgment is here rendered in accordance with the article of the Revised Statutes just recited.

*Reversed and rendered.*