### OKLAHOMA PETROLEUM & GASOLINE CO. v. NOLAN.

(Court of Civil Appeals of Texas. Fort Worth. May 26, 1923. Rehearing Denied June 30, 1923.)

1. **Garnishment** ⟷143—**Answer not disclosing whether garnishee had possession of property of defendant or had been indebted to defendant during interval between service of writ and filing of answer held defective.**

Garnishee's answer to writ in the form prescribed by Rev. St. 1911, art. 276, stating merely that the garnishee did not have possession of property belonging to the defendant, and was not indebted to the defendant at the time of the service of the writ, without disclosing whether the garnishee was in possession of property belonging to the defendant, or was indebted to the defendant at the time the answer was filed, or had been in possession of defendant's property or indebted to the defendant between the service of the writ and the filing of the answer, held defective.

2. **Garnishment** ⟷183—**Judgment** ⟷17(11)—**Personal judgment against garnishee proper, on defective and evasive answer, though defendant was nonresident.**

Where garnishee's answer was defective and evasive, the court was warranted in rendering a personal judgment against the garnishee, and this though garnishee was a nonresident in view of Rev. St. 1911, art. 282, as amended by Acts 37th Leg. (1921) c. 105 (Vernon's Ann. Civ. St. Supp. 1922, art. 282).

3. **Garnishment** ⟷139—**Garnishee's answer construed against him.**

Garnishee's answer will be taken most strongly against him.

Appeal from Stephens County Court; J. W. Darden, Judge.

Suit by Edd Nolan against W. M. Meeks, in which the Oklahoma Petroleum & Gasoline Company was garnisheed. From a judgment for plaintiff against the garnishee, the garnishee appeals. Affirmed.

Brown & Graham, of Graham, for appellant,

Crate Dalton, of Breckenridge, for appellee.

BUCK, J. In a suit by Edd Nolan against W. M. Meeks for debt, in the sum of $782.82, plaintiff applied for a writ of garnishment directed against the Oklahoma Petroleum & Gasoline Company, garnishee. The latter company answered as follows, omitting heading and conclusion:

"(1) That on the date said writ of garnishment was served on it, the Oklahoma Petroleum & Gasoline Company had in its possession and under its control no goods, chattels, moneys or effects of any nature whatsoever owing or belonging to the above named defendant.

"(2) That it has no knowledge of any other person being indebted to said defendant."

Upon the trial of the case of Nolan v. Meeks, plaintiff recovered judgment against defendant for $700, with interest, attorney's fees, and costs. Thereafter the court entered judgment against the garnishee for the amount of the judgment entered against the defendant, on the ground that the answer did not comply with the requirement of the statutes, and did not answer under oath all of the questions propounded in the writ of garnishment, and upon the ground that the answer filed was evasive. From this judgment, the garnishee has appealed.

Article 276, Rev. Civ. Statutes, offers a form of writ to be used, which form was used in the instant case. In this form the garnishee is required—

"to answer upon oath what, if anything, he is indebted to the said C. D. [the defendant], and was when the writ was served upon him, and what effects, if any, of said C. D. he has in his possession, and had when this writ was served, and what other persons, if any, within his knowledge, are indebted to the said C. D., or have effects belonging to him in their possession."

[1] The answer filed by the garnishee did not specifically deny that it had, at the time the *answer was filed,* or between the time the writ was served on it and the filing of the answer, any effects of the defendant in its possession, or was at such time indebted to the defendant in any sum. Nor did it deny that it knew of any one else having effects belonging to defendant.

[2, 3] It is held that an answer which does not include a denial of all the matters inquired about in the writ is evasive, and that under such an evasive answer the trial court is authorized to render judgment against the garnishee for the full amount of the recovery awarded against the defendant. Freeman v. Miller, 51 Tex. 443; Jemison v. Scarborough, 56 Tex. 358; Melton v. Lewis, 74 Tex. 411, 12 S. W. 93. A garnishee must answer all the questions propounded in the writ in a plain and distinct manner, or he will be made liable. Drake on Attachments (1891 Ed.) §§ 636, 636a. His answer will be taken most strongly against him. Drake on Attachments, §§ 656, 657; 20 Cyc. p. 1084, § 4.

If an evasive or defective answer is filed by the garnishee, judgment may be entered against him by the court without striking out

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the answer. Such answer gives the trial court jurisdiction over the person of the garnishee even though, as in the instant case, the garnishee is a nonresident of the county or state where the suit is pending. Hardware Co. v. Texas Cotton Compress Co. (Tex. Civ. App.) 26 S. W. 168; Wood Mowing & Machine Co. v. Edwards, 9 Tex. Civ. App. 537, 29 S. W. 418; Durfee Mineral Co. v. City National Bank (Tex. Civ. App.) 236 S. W. 516.

Under articles 282 and 283 of the statutes in force prior to 1921, the law provided that where the garnishee resided in the county where the proceeding was pending and failed to answer, that the trial court, at any time after judgment in the main case against the defendant, might render judgment against the garnishee for the full amount of such judgment theretofore rendered against the defendant. But when the garnishee resided out of the county, a writ should be issued to the county of garnishee's residence, requiring him to answer the writ of garnishment, and upon return of the certificate and the failure or refusal of the garnishee to answer, judgment could be entered against him. But owing to the fact that the garnishee submitted itself to the jurisdiction of the trial court in the present instance by filing its answer, and the further fact that by the Acts of the 37th Legislature, 1921, c. 105, articles 283 and 292, were repealed, and article 282 was amended (see 1922 Supp. art. 282), and under said article as amended it is provided that no distinction shall obtain between the proceedings against resident and nonresident garnishees, the judgment awarded by the trial court against the garnishee cannot be successfully attacked on this ground. It might be contended were there no answer filed in this case that under the Pennoyer v. Neff Case, 95 U. S. 714, 24 L. Ed. 565, that the service on a nonresident had beyond the confines of the state did not give jurisdiction of the court over the garnishee for awarding a personal judgment. But where there is an answer filed, though defective, the court has jurisdiction to award a personal judgment. Durfee Mineral Co. v. Bank, supra.

All assignments are overruled, and the judgment is affirmed.