## KENTUCKY OIL CORPORATION v. DAVID.
### (No. 645–4509.)

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Garnishment ⬤178—Garnishee corporation's answer and controverting affidavit of plaintiff held not to deprive court of jurisdiction to enter default judgment, though corporation's principal office was in another county (Vernon's Sayles' Ann. Civ. St. 1914, arts. 294, 296; Vernon's Ann. Civ. St. Supp. 1922, art. 302); "or otherwise."**

Answer of garnishee corporation, whose principal office was in another county, and fact that it was controverted by plaintiff, *held* not to deprive court, under Vernon's Ann. Civ. St. Supp. 1922, art. 302, of jurisdiction to enter default judgment against garnishee, where warranted by pleadings, Vernon's Sayles' Ann. Civ. St. 1914, arts. 294, 296, providing for judgment against garnishee in amount of stock shown by answer "or otherwise" to be owned by defendants, being inapplicable; "or otherwise" *meaning in some way recognized by law other than by answer itself and authorizing court to act.*

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Otherwise.]

**2. Garnishment ⬤178.**

Failure of garnishee, without good excuse timely interposed, to file answer to each of statutory inquiries, under Vernon's Ann. Civ. St. Supp. 1922, art. 282, will authorize default judgment against garnishee.

---

**3. Garnishment ☞142, 178—Garnishee corporation's answer not disclosing whether certain defendants were stockholders at time of answering or service of writ held defective; defective answer authorized default judgment.**

Answer of garnishee corporation failing to disclose whether certain defendants were owners of shares of its capital stock at time of answering or service of writ, as required by inquiries, *held* fatally defective, and authorized entry of default judgment against garnishee.

**4. Garnishment ☞178.**

Where no answer is interposed by garnishee, personal default judgment for amount of defendant's indebtedness is authorized.

**5. Garnishment ☞153.**

Garnishee, failing through accident, mistake, or inadvertence, to answer one or more of statutory inquiries, is not without remedy, if timely interposed.

Error to Court of Civil Appeals of Eleventh Supreme Judicial District.

Suit by Walter David, trustee, against F. McCune Barnes and two others, in which the Kentucky Oil Corporation was made garnishee. Default judgment was entered against the garnishee, and affirmed by the Court of Civil Appeals (276 S. W. 351), and it brings error. Affirmed.

Kenley, Dawson & Holliday, of Wichita Falls, for plaintiff in error.

Hawkins, Hawkins & David, of Breckenridge, for defendant in error.

SPEER, J. This is a garnishment proceeding wherein the Court of Civil Appeals affirmed the judgment of the trial court, the district court of Stephens county, awarding defendant in error a default judgment against plaintiff in error in a garnishment suit after judgment against F. McCune Barnes, Kentucky Production Company, and H. G. Lewis. 276 S. W. 351.

The defendant in garnishment, this plaintiff in error, is a corporation, whose principal office is in Wichita county, Tex. The writ of garnishment commanded the garnishee to answer, upon oath:

"What, if any, it is indebted to the said F. McCune Barnes, Kentucky Oil Corporation (Kentucky Production Company), and H. G. Lewis, and was when this writ was served upon it, and what effects, if any, of the said F. McCune Barnes, Kentucky Production Company, and H. G. Lewis it has in its possession, and had when this writ was served, and all other persons, if any within its knowledge, are indebted to the said F. McCune Barnes, Kentucky Oil Corporation (Kentucky Production Company) and H. G. Lewis, or have effects belonging to them in its possession, and, further, to answer what number of shares, if any, the said F. McCune Barnes, Kentucky Production Company, and H. G. Lewis own in said Kentucky Oil Corporation, and owned therein when this writ was served, and what interest, if any, said F. McCune Barnes, Kentucky Production Company, and H. G. Lewis had in said Kentucky Oil Corporation, and had therein when this writ was served."

The writ appears to have been duly served, and an answer filed as follows:

"That it is not now, nor was at the time said writ of garnishment was served upon it, indebted in anything or amount to the said F. McCune Barnes, the Kentucky Production Company or H. G. Lewis. That the said F. McCune Barnes and H. G. Lewis are each the owners of one share of the capital stock of the Kentucky Oil Corporation; that the said F. McCune Barnes and H. G. Lewis are each indebted to the said the Kentucky Oil Corporation at this time; that it is not now, nor was not at the time said writ of garnishment was served upon it, in possession of any effects belonging to the said F. McCune Barnes, Kentucky Production Company, and H. G. Lewis other than as above set out; that it does not know of any person or persons who are indebted to the said F. McCune Barnes, Kentucky Production Company, or H. G. Lewis, or have effects belonging to them in their possession."

Plaintiff in garnishment filed his controverting plea, excepting to the answer generally and specially, and controverting the same under oath. Thereafter the plaintiff filed his motion for default judgment, which was granted on the same day without notice to the garnishee, and judgment was rendered against the garnishee for the full amount of the plaintiff's debt and interest.

The case was carried to the Court of Civil Appeals by writ of error, and the questions presented do not arise, therefore, upon any motion or proceeding to set aside the judgment for equitable reasons.

[1] The application for writ of error presents three questions. The first relates to venue, and the contention is that, plaintiff in error having filed its answer in obedience to the writ, and the defendant having controverted the same, the district court of Stephens county thereupon lost jurisdiction of the garnishment cause, and the plaintiff should have transferred his case to the county of the garnishee's residence.

Article 302, Vernon's Ann. Civ. St. Supp. 1922, provides:

" * * * But if the garnishee whose answer is controverted be not a foreign corporation and reside in some county, other than the one in which the main case is pending, or was tried, then upon the filing of a controverting affidavit by any party to the suit, the plaintiff may file in any court in the county of the residence of the garnishee having jurisdiction of the amount of the judgment in the original suit, a duly certified copy of the judgment in such original suit and of the proceeding in garnishment, including a certified copy of the plaintiff's application for the writ, the answer of the garnishee, and the affidavit controverting such answer, and the court wherein such certified copies are filed shall try the issues made as provided by law."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It is upon this statute that plaintiff in error contends the district court of Stephens county lost jurisdiction. The contention cannot be sustained. Clearly, this article contemplates a trial in the county of the residence of the garnishee only in those cases where a trial of some issue is necessary or possible under the controverting affidavit of the plaintiff in garnishment. In this case there has been no trial upon the controverting affidavit or otherwise. A judgment by default has been entered. If no answer is filed, as we shall see a little later, a default judgment against the garnishee is proper, under the present statute, even though such garnishee resides in a county other than that in which the proceeding is pending. So that the real question in the case is whether or not a default judgment has been properly entered. At the threshold of this question, however, we will notice the contention of plaintiff in error to the effect that, it having appeared from its answer that the defendants Barnes and Lewis were each the owner of one share of its capital stock, the court should have rendered a decree ordering the sale under execution in favor of the plaintiff against the defendant of such shares or so much thereof as might be necessary to satisfy such execution. Article 296, Vernon's Sayles' Ann. Civ. St. 1914, provides:

"Where the garnishee is an incorporated or joint-stock company, and it appears from the answer, or otherwise, that the defendant is, or was when the writ of garnishment was served, the owner of any shares of stock in such company, or any interest therein, the court shall render a decree, ordering the sale under execution, in favor of the plaintiff against the defendant, of such shares, or interest, of the defendant in such company, or so much thereof as may be necessary to satisfy such execution."

But, as above indicated, judgment has not been entered upon the garnishee's answer admitting the defendants were stockholders therein, nor upon that fact appearing "otherwise," or at all. The expression "or otherwise" simply means in some way recognized by law other than by the answer itself, authorizing the court to act as, for instance, upon a controverting affidavit setting up the ownership by defendants of shares of stock. A similar provision is found in article 294 with reference to judgment against the garnishee for the delivery up of effects of the defendant in the garnishee's possession, whether the same appears from garnishee's answer "or otherwise." These provisions are merely intended to meet the exigencies of the case whether the facts are admitted in the garnishee's answer or made to appear in some other appropriate way in the case. The procedure thus outlined has no application to a case where the judgment is not based upon the answer or controverting affidavit, but for default upon a failure to answer.

[2] The statute (article 282, Vernon's Ann. Civ. St. Supp. 1922) provides:

"The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court, at any time after judgment shall have been rendered against defendant, and on or after appearance day, to render judgment by default, as in other civil cases against such garnishee for the full amount of such judgment against the defendant, together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings, provided that the answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered."

It is well settled by a long line of decisions beginning at a very early day that a failure, without good excuse timely interposed, by the garnishee to file an answer to each of the statutory inquiries contained in the writ served upon him will authorize the rendition of a default judgment against him. Freeman v. Miller, 51 Tex. 443; Selman v. Orr, 75 Tex. 530, 12 S. W. 697; Gay, etc., Co. v. Pemberton, 23 Tex. Civ. App. 418, 57 S. W. 71 (writ refused); Holloway Seed Co. v. Bank, 92 Tex. 189, 47 S. W. 95, 516; Oklahoma, etc., Co. v. Nolan (Tex. Civ. App.) 253 S. W. 650; Brownwood Gas Co. v. Belser (Tex. Civ. App.) 257 S. W. 605; Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Manufacturers' Nat. Bank v. Peoria Life Ins. Co. (D. C.) 294 F. 589.

[3, 4] An examination of the writ and the answer of the garnishee will disclose that the answer fails to disclose whether defendant Kentucky Production Company was the owner of shares of its capital stock at the time of answering or at the time of service of the writ upon it, and, furthermore, fails to disclose whether or not the defendants Barnes and Lewis were the owners of shares of its capital stock at the time when the writ was served. It is contended by defendant in error that the answer was evasive, in that it recited that the defendants Barnes and Lewis were the owners of one share of the garnishee's capital stock, which was not inconsistent with the idea that they were the owners of a greater number of shares. But we attach no importance to this. It was, however, a material omission to fail to answer what shares, if any, the defendants owned at the time of the service of the writ. The garnishee was expressly commanded to make answer to this. The answer is made material by the statute, and to this extent the answer is fatally defective, and, under the authorities, is no answer at all. The plaintiff in error, therefore, being in the attitude of having no answer, it was subject to a personal default judgment, limited only by the amount of defendant in error's judgment against the original defendants.

[5] This rule may work a hardship in some cases, but creditors complying with the statute are entitled to its benefits. If a garnishee, through accident, mistake, or inadvertence, fails to answer one or more of the statutory inquiries, he is not without his remedy, if timely interposed. See Freeman v. Miller; Lamb-McAshan Co. v. Ellis; and Manufacturers', etc., Bank v. Peoria Life, etc., Co., supra.

We therefore recommend that the judgments of both courts be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.