## STANDARD SAVINGS & LOAN ASS'N et al. v. SNYDER–BELL GROCER CO.
### (No. 11900.)

Court of Civil Appeals of Texas. Fort Worth. Dec. 23, 1927.

Rehearing Denied Feb. 4, 1928.

1. **Appeal and error** ⊚⊐733—**Assignments complaining that court erred in rendering judgment, that judgment was contrary to law and evidence and not authorized by pleadings, held too general.**

Assignments of error complaining that court erred in rendering judgment, that judgment was contrary to law, contrary to evidence, and was not authorized by the pleadings, *held* too general to warrant consideration on appeal.

2. **Garnishment** ⊚⊐180—**Plaintiff may take judgment for full amount of demand against garnishee who fails to answer fully (Rev. St. 1925, art. 4087).**

If the garnishee does not answer fully, plaintiff may take judgment against him for the full amount of his demand, under Rev. St. 1925, art. 4087.

3. **Garnishment** ⊚⊐180—**Judgment against garnishee for full amount of debt held authorized, where garnishee's answer alleged payment of moneys due defendants by virtue of defendants' having filed replevy bond (Rev. St. 1925, art. 4087).**

Where, in garnishment proceedings, garnishee's answer alleged that at time of service of writ he was renting house from one of defendants, and that he paid all moneys due to her, by reason of the fact that "said defendants in this case have filed a replevy bond," court was authorized to enter judgment against garnishee for full amount of debt, under Rev. St. 1925, art. 4087, inasmuch as garnishee failed to answer fully.

#### On Motion for Rehearing.

4. **Garnishment** ⊚⊐241—**On entry of judgment against garnishee, sureties' liability on defendant's replevy bond becomes fixed for full amount held subject to the writ (Vernon's Ann. Civ. St. 1925, arts. 4084, 4087).**

Where replevy bond has been given by defendant in garnishment proceedings, court may render judgment against principal and surety thereon for full amount held subject to the garnishment writ without notice or further plead-

ing, under Vernon's Ann. Civ. St. 1925, arts. 4084, 4087, since sureties' liability on bond becomes fixed by the judgment, in the absence of fraud, accident, or mistake.

**5. Garnishment** ☞245—**Judgment against sureties on debtor's replevy bond for full amount of plaintiff's recovery against garnishee held authorized (Vernon's Ann. Civ. St. 1925, arts. 4084, 4087).**

Where judgment was entered against garnishee in garnishment proceedings for garnishee's failure to answer fully, court was authorized, under Vernon's Ann. Civ. St. 1925, arts. 4084, 4087, to enter judgment likewise against bondsmen on debtor's replevy bond for full amount of debt for which garnishee was held liable, without necessity of further pleading and notice to surety.

Appeal from Tarrant County Court; P. J. Small, Judge.

Suit in garnishment by Harry Snyder and W. L. Bell, doing business under the name of the Snyder-Bell Grocer Company, against John A. Hamilton and wife, defendants, and E. D. Wilson, garnishee, in which the defendants filed a replevy bond. From a judgment for plaintiff on the replevy bond, the Standard Savings & Loan Association, surety, and others appeal. Affirmed.

R. C. Armstrong, Jr., of Fort Worth, for appellants.

A. H. Eaton, of Fort Worth, for appellee.

BUCK, J.   Harry Snyder and W. L. Bell, doing business under the name of Snyder-Bell Grocer Company, filed suit in garnishment against E. D. Wilson, who it was alleged was indebted to John A. Hamilton and his wife, the Hamiltons being indebted to Snyder-Bell Grocer Company. It was alleged in the affidavit in garnishment that there was owing to the Snyder-Bell Grocer Company by the Hamiltons the sum of $383.74. The writ was issued, and the garnishee answered that he was not, at the time of the filing of the answer or at the time the writ of garnishment was served on him, indebted to either of the Hamiltons, or in possession of any effects belonging to the said Hamiltons, or either of them, except as hereinafter set forth. He further answered that at the time the writ was served upon him he was renting a house from the defendant Mrs. John A. Hamilton for $50 a month, but that he paid all moneys due to the said Mrs. Hamilton by reason of the fact that said defendants in this cause have filed a replevy bond. Mrs. Hamilton filed an answer in which she demurred to the answer filed by the garnishee and alleged that it did not state sufficient facts to warrant a recovery against the garnishee. She further alleged that she was the owner of the property located at 321 Hemphill street, and that it was a part of her separate estate, and

that moneys derived from rent of said property were not subject to the debts of John A. Hamilton. Judgment was rendered for the Snyder-Bell Grocer Company against E. D. Wilson, garnishee, by default. The judgment further recited that the Snyder-Bell Grocer Company had recovered judgment against the defendant John A. Hamilton in the sum of $373.74, with 6 per cent. interest from May 22, 1924, and costs of suit, and against Mrs. John A. Hamilton for the sum of $300 and interest from the same date at 6 per cent. and costs of suit; that the amount of said judgment, costs, and interest to date is $386.30; that Mrs. Hamilton, joined by her husband, replevied the funds to which the garnishment writ was directed by giving a bond in the sum of $800, with R. C. Armstrong, Jr., and Ben D. Simon as sureties. The judgment further recited that it appeared to the court that the funds garnished and replevied constituted an indebtedness due Mrs. Hamilton from Wilson, garnishee, as rent, and it further appeared to the court that the said amount previously due and owing by said garnishee to said defendant and replevied was subject to plaintiffs' writ of garnishment, and that plaintiffs are entitled to recover judgment from said garnishee for the amount of plaintiffs' judgment against the defendant Mrs. Hamilton in the main suit, together with interest and costs, less the sum of $80, which is the amount of judgment rendered in favor of Snyder-Bell Grocer Company against E. D. Wilson in another cause in which the parties litigant were involved. Judgment was rendered for the Snyder-Bell Grocer Company against E. D. Wilson, garnishee, in the sum of $306.30. The judgment further recites that the answer to the garnishment writ was defective and insufficient, in that it did not state the amount of the garnishee's indebtedness to Mrs. Hamilton, but merely stated that a replevy bond had been filed and the garnishee had paid the said Mrs. Hamilton all moneys due her; that said answer was equivalent to no answer to all. From this judgment Mrs. John A. Hamilton, John A. Hamilton, the Standard Savings & Loan Association, R. C. Armstrong, Jr., and Ben E. Simon have appealed.

### Opinion.

The only assignment in the transcript is as follows:

"The court erred in rendering judgment in the above entitled and numbered cause in favor of the plaintiffs Harry Snyder and W. L. Bell."

Appellants have three other assignments copied in their brief, to wit:

"(2) Said judgment is contrary to the law.
"(3) Said judgment is contrary to the evidence.

"(4) Said judgment is not authorized by the pleadings."

[1-3] All of these assignments are too general to warrant consideration by this court. Nor do we discover any fundamental error in the judgment. The judgment of the court is based upon a defective and insufficient answer of the garnishee. The answer wholly failed to inform the plaintiff of the amount of money which the garnishee owed the defendant, in that part of the answer in which he stated he had owed her some money, but that it had been replevied. If the garnishee does not answer fully, plaintiff may take judgment against him for the amount of his demand. Article 4087, Rev. Civ. Statutes of 1925; Selman v. Orr, 75 Tex. 528, 12 S. W. 697; Holloway Seed Co. v. City National Bank, 92 Tex. 187, 47 S. W. 95, 516, by the Supreme Court; Jemison v. Scarborough, 56 Tex. 358; Oklahoma Petroleum & Gasoline Co. v. Nolan, 253 S. W. 650. In the last-cited case by this court, the garnishee answered that it had no goods or money in its possession belonging to the defendant in garnishment at the time the writ was served on it, but did not specifically deny that it had no such goods at the time the answer was filed, or between the time the writ was served on it and the filing of the answer. It was held that the answer was defective and authorized the court to render a personal judgment against the garnishee. While the garnishee here did answer in a part of his petition that he was not at the time said writ was served on him indebted to Mrs. John A. Hamilton or John A. Hamilton, "except as hereinafter set forth," yet he further stated that at the time the writ was served on him he was renting a house from the defendant Mrs. John A. Hamilton, and that he had paid all moneys due to her by reason of the fact that "said defendants in this cause have filed a replevy bond as provided by law." Evidently the garnishee meant to say, and his language, reasonably construed, means, that he had some money belonging to Mrs. Hamilton, or was owing her some money, but that, subsequent to the service of the writ, Mrs. Hamilton and her husband replevied the money. In Oklahoma Petroleum & Gasoline Co. v. Nolan, supra, this court said:

"If an evasive or defective answer is filed by the garnishee, judgment may be entered against him by the court without striking out the answer. Such answer gives the trial court jurisdiction over the person of the garnishee, even though, as in the instant case, the garnishee is a nonresident of the county or state where the suit is pending"—citing cases.

We see no reversible error in the record, and therefore the judgment below is affirmed.

On Appellants' Motion for Rehearing.

Appellants, while admitting that the trial court correctly held the garnishee liable for the full amount of the debt, inasmuch as the answer of the garnishee was defective, yet insist that the trial court erred in awarding judgment against the bondsmen on the replevy bond for said amount; that such error is fundamental. Under article 4087, Vernon's Anno. Stats. 1925, it is provided:

"The garnishee shall in all cases after lawful service file an answer to the writ of garnishment on or before appearance day of the term of the court to which such writ is returnable, and should the garnishee fail to file such answer to said writ as herein required, it shall be lawful for the court, at any time after judgment shall have been rendered against defendant, and on or after appearance day, to render judgment by default, as in other civil cases against such garnishee for the full amount of such judgment against the defendant, together with all interest and costs that may have accrued in the main case and also in the garnishment proceedings. The answer of such garnishee may be filed as in any other civil case at any time before such default judgment is rendered."

Article 4084 provides in part:

"The defendant may, at any time before judgment, replevy any effects, debts, shares, or claims of any kind seized or garnisheed, by giving bond, with two or more good and sufficient sureties to be approved by the officer who issued the writ of garnishment, payable to the plaintiff, in double the amount of the plaintiff's debt, *and conditioned for the payment of any judgment that may be rendered against the said garnishee in such suit*, which when properly approved shall be filed among the papers in the cause in the court in which the suit is pending." (Italics ours.)

[4, 5] Where a replevy bond has been given, the court may render judgment against principal and surety without further pleading and notice in a case where judgment has been rendered against the garnishee, where a debtor replevies the claim garnished, the amount for which the obligors on the replevin bond are liable is the full amount held subject to the writ. Seinsheimer v. Flanagan, 17 Tex. Civ. App. 427, 44 S. W. 30, writ of error refused. The judgment against the garnishee in this case was a default judgment. Oklahoma Petroleum & Gasoline Co. v. Nolan, 253 S. W. 650, by this court, writ refused; Kentucky Oil Corporation v. David (Tex. Com. App.) 285 S. W. 290, by the Supreme Court. See latter case by Court of Civil Appeals. 276 S. W. 357. In the absence of fraud, accident, or mistake, the sureties' liability on the bond becomes fixed. Texas Co. v. Disney (Tex. Civ. App.) 279 S. W. 280, writ refused.

The motion for rehearing is overruled.