DE LAY et al. v. WOLFFARTH.

(Court of Civil Appeals of Texas. Amarillo. Feb. 15, 1913. Rehearing Denied March 15, 1913.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—PROPOSITIONS AND STATEMENTS.

Where defendant's brief was defective in violating rule 71a (145 S. W. vii) for district and county courts, rules 24 and 25 (142 S. W. xii) for Courts of Civil Appeals, and also disregarded rules 31, 32, and 58 (142 S. W. xiii, xvi) by the Court of Civil Appeals, the assign-

ments, propositions, and statements cannot be considered over appellee's objections.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. TAXATION (§ 545*)—COLLECTION OF DELIN-QUENT TAXES—STATUTORY PROVISIONS—RE-PEAL.

Acts 24th Leg. c. 42 (Rev. St. 1895, c. 5a, tit. 104, arts. 5232a–5232n), concerning collection of delinquent taxes, and relating to the residence of counties unorganized and residence and nonresidence of organized counties, does not repeal Acts 16th Leg. c. 133 (Rev. St. 1895 arts. 5138–5153), referring to nonresidence of unorganized counties owning land therein, authorizing the Comptroller to assess and collect such taxes, and pointing out the method to be pursued.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1018; Dec. Dig. § 545.*]

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by James R. De Lay against George W. Wolffarth. Judgment for defendant, and plaintiff appeals. Affirmed.

Randolph & Randolph, of Plainview, for appellant. Bean & Klett, of Lubbock, for appellee.

HUFF, C. J. This is an action of trespass to try title, brought by appellant, James R. De Lay, and J. E. Lancaster, against appellee, George C. Wolffarth, in the district court of Terry county, and by agreement the venue was changed to Lubbock county, where the same was tried in the district court of that county. The appellee entered a plea of not guilty and the three-year statute of limitation. For the facts more in detail, we refer to the report of this case on the former appeal in 142 S. W. 617. The appellants show themselves the owners of the land in question by a regular chain of transfers, duly recorded down to themselves, and by the will of Nelson Ketcham, the patentee of the land in question, bequeathing the land to his named children, and by proof of heirship. The appellee relies on a tax title from the state of Texas, conveying the title to the state for the taxes due on the land for the year 1894, and which land was sold by the Comptroller of the state of Texas October 1, 1895, and bought in by the state. The land was situated in Terry county, which at the time of the levy and sale of the land was unorganized and attached to Martin county for judicial purposes. The taxes were assessed and the proceedings for the collection by the Comptroller were made and had under an act approved April 22, 1879, and which took effect July 24, 1879, and which was carried forward into the Revised Statutes of 1895, as articles 5138 to 5153, inclusive. It is admitted at the time the taxes were assessed and the land sold that the then owners were nonresidents of Terry county. The owners did not redeem the land within two years after the sale thereof to the state, nor offer to do so, and

thereafter the land was properly classified as land belonging to the common school fund, and was disposed of to one Sullivan, the vendor of appellee. It is admitted that all the requirements of the law with reference to the sale, settlement, and the like were fulfilled by the purchaser from the state. No question is made as to such sale. The only question presented to this court is whether or not the action of the Comptroller in making the sale for the taxes was in accordance with the law, and whether he had the power to do so. The appellees proved a proper levy of county taxes by the commissioners' court of Martin county for the year 1894, 25 cents on the $100 valuation for general county fund, and 25 cents on the $100 valuation for courthouse and jail fund. The evidence shows that the Comptroller upon receipt of the tax rolls of Martin county to which Terry county was then attached compared the lands rendered to the assessor of Martin county with those previously rendered to the Comptroller by nonresidents before making the delinquent list, and places such value upon the land as he deemed just and fair. He made out the delinquent list as required by law, and thereafter fully complied with the law as to making levy on the land for the delinquent taxes due. Notice of sale was published for the required time, giving date and place of sale, as required by law, and made the sale at the time and place required by law, and as given in the notice. In other words, he fully complied with articles 5139 to 5147, inclusive. We have carefully gone over the acts of the Comptroller, and find that in making the sale of the land for the taxes due thereon for the year 1894 he has strictly and in conformity with the powers granted him sold the land to the state. The deed by himself to the state is not acknowledged, but the execution was duly proven by the testimony of the Comptroller himself. Without reciting in detail the facts proving the successive steps of the Comptroller, we find that he has strictly complied with each of the steps required of him by law authorizing him to make the sale. The evidence fully meets the requirements held to be necessary in the case of Keenan v. Slaughter, 49 Tex. Civ. App. 180, 108 S. W. 703.

[1] The appellants present a number of assignments, propositions, and statements thereunder, to each of which the appellee objects upon various grounds. We must sustain the objections. The case is not briefed in accordance with the rules, and is so defective that we cannot consider it over appellee's objections. Rule 71a (145 S. W. vii) for district and county courts, rules 24 and 25 (142 S. W. xii) for the Courts of Civil Appeals, have been disregarded. Rules 31, 32 (142 S. W. xiii), and 58 (142 S. W. xvi) for Courts of Civil Appeals are violated and dis-

regarded. It would serve no useful purpose to discuss the several objections. We believe it sufficient to state that each and all are well taken.

[2] There is only one question presented which we feel called upon to discuss, and that is whether or not the sale made by the Comptroller to the state was absolutely void. The contention appears to be that the act approved April 13, 1895, for the collection of delinquent taxes (page 50 of the Acts of 1895), and carried forward into the Revised Statutes of 1895, as chapter 5a of title 104, repeals Acts 1879, arts. 5138 to 5153, inclusive (Revised Statutes of 1895). In this contention we cannot concur. These two acts refer to two different classes of persons. One is to the residents of counties unorganized and residents and nonresidents of organized counties. The other, the act of 1879, refers to nonresidents of unorganized counties owning land therein under which act appellee claims. Section 12, art. 8, of the Constitution of 1876, provides: "Lands lying in and owned by nonresidents of unorganized counties * * * * shall be assessed and the taxes thereon collected at the office of the Comptroller of the state." It is evident that the act of 1879 was passed in conformity with the above provision. By that act the Comptroller was authorized, empowered, and it was made his duty to assess and collect such taxes, and the act further points out the mode and method which he shall pursue in doing so. Under the act of April 13, 1895, the commissioners' court or county judge of the counties in which the land is situated are authorized to order suits for the taxes thereon, and to foreclose the lien therefor. All the provisions of the act evidence the fact that the local officers may by means of a suit in the district court where the land is situated sue for the collection of the taxes due thereon. The Constitution makes the taxes due on lands situated in unorganized counties owned by nonresidents collectible at the Comptroller's office. It is not to be presumed that the Legislature intended to provide for the collection of taxes so due at a place and by officers not authorized by the Constitution. A careful perusal of the act of April 13, 1895, will not disclose that provision is made therein to collect the taxes due on land in unorganized counties, owned by nonresidents, by local officers. This court held on the former appeal of this case that the act of 1895 did not repeal the law under which the Comptroller made the sale. 142 S. W. 619. This conclusion of the court finds support in the case of Masterson v. State, 17 Tex. Civ. App. 91, 42 S. W. 1004. If there is need of further support, we think it may be found by the act of April, 1897 (page 132), which completely amends the act of April 13, 1895, and by the act of the same Legislature, at the same session (chapter 43, p. 43), where the Legislature amends the act of 1879, by amending articles 5139 and 5152, and by adding article 5153a. The Legislature certainly understood at that session that the act of 1879 was still in force, and sought to make more definite some of its provisions. We therefore conclude the act of 1895 did not abrogate the act of 1879 or articles 5139 to 5153, inclusive. The Comptroller, under such act, had the right to sell the land for the taxes due thereon at the time and place he did, and, having properly exercised his power, the state, after two years, had the right to dispose of the land as common school land.

There is no error assigned and properly briefed, such as requires a reversal of this case, and we therefore in all things affirm the judgment of the court below.