YOUNGBERG v. FIRST NAT. BANK OF PECOS et al.

(Court of Civil Appeals of Texas. El Paso. April 24, 1913. Rehearing Denied May 22, 1913.)

1. GARNISHMENT (§ 151*)—ANSWER OF GARNISHEE—SUFFICIENCY.

A garnishee, who, in his answer, does not deny, as required by statute, that he has in his possession effects of defendant, may not complain of an adverse judgment.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 280–283; Dec. Dig. § 151.*]

2. APPEAL AND ERROR (§ 760*)—QUESTIONS REVIEWABLE—ASSIGNMENTS OF ERROR.

Assignments of error cannot be considered, where appellant's brief does not comply with Courts of Civil Appeals rules 24, 25 (142 S. W. xii), because of its failure to make any reference to statement of facts or transcript in any of the assignments.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3095; Dec. Dig. § 760.*]

Error from Reeves County Court.

Action by the First National Bank of Pecos against A. J. Rose and another, defend-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ants, and C. M. Youngberg, garnishee. There was a judgment for plaintiff against defendants and against the garnishee, and the garnishee brings error. Affirmed.

Ballard Coldwell and P. R. Price, both of El Paso, and W. P. Brady, of Pecos, for plaintiff in error. J. W. Parker, of Pecos, and Davis & Goggin and Paul D. Thomas, all of El Paso, for defendants in error.

HARPER, J. On June 30, 1911, the First National Bank of Pecos brought this suit against A. J. Rose and S. S. Cash, defendants, for the sum of $553, and sued out its writ of garnishment against C. M. Youngberg, the appellant.

[1] Garnishee filed an answer, which did not comply with the statute, in that it did not deny having effects in his possession belonging to defendant Rose. Melton v. Lewis, 74 Tex. 412, 12 S. W. 93. Judgment was rendered against the said Rose and Cash for the amount sued for, and in turn against the appellant, Youngberg, garnishee, from which this appeal is taken.

[2] The appellant's brief is defective, in that it does not comply with rules 24 and 25 for Courts of Civil Appeals (142 S. W. xii). It fails to make any reference to statement of facts or transcript in any of the assignments of error; therefore cannot be considered. De Lay v. Wolffarth, 154 S. W. 1030.

Being no fundamental error, the judgment of the lower court must be affirmed; and it is so ordered.

McKENZIE, J., did not sit in this case.