### O. C. MELTON v. W. B. LEWIS ET AL.

#### No. 6971.

1. **Practice—Injunction.**—When a petition for injunction presents no sufficient basis for the relief sought, it is not error to sustain a general demurrer to the petition which is filed at a term of the court subsequent to that during which a motion to dissolve had been overruled.

2. **Answer of Garnishee—Judgment—Injunction.**—When a judgment has been rendered against a garnishee whose answer to the writ is insufficient, no relief against the judgment can be granted when the failure of the garnishee to make a proper answer resulted from the want of proper care and diligence either of himself or of those employed by him to prepare the answer. The fact that a good defense to the proceeding in garnishment existed is immaterial, if without the fault of the opposing party it was not presented in proper time and manner. See opinion for facts.

APPEAL from Coleman. Tried below before Hon. J. W. Timmons. The opinion states the case.

*J. P. Ledbetter,* for appellant. —1. All exceptions general and special which relate to the substance of the pleadings shall be decided at the first term of the court when the case is called in regular order for trial on the docket, if reached, unless passed by agreement of parties with the consent of the court. Rev. Stats., arts. 1269, 1291; Rules for Courts, Nos. 25, 26.

2. The court has no authority at a subsequent term of court to reverse its decision upon a matter which it had finally disposed of at a previous term. Freem. on Judg., secs. 68, 70; 61 Texas, 241.

3. The court erred in overruling plaintiff's motion for new trial, and entering final judgment against plaintiff. When the petition presents and sets out sufficient equities to entitle the plaintiff to the writ of injunction, and the writ having been granted, the same should be perpetuated on final hearing on general demurrer, particularly as the facts stated in the petition are to be taken as true, and every reasonable intendment is to be indulged in favor of its sufficiency. Rev. Stats., art.

2873; Freeman v. Miller, 53 Texas, 372; County of Anderson v. Kenedy, 58 Texas, 616; Hale v. McComas, 59 Texas, 484, and authorites cited.

*Sims & Snodgrass,* for appellees.—After the adjournment of the term at which a judgment is rendered against a garnishee he can not have in an independent proceeding an injunction to prevent the enforcement of the judgment except upon facts which show the clearest and strongest reasons for the interposition of a court of equity. It is not sufficient to show that injustice has been done. He must show that the judgment resulted from no negligence on his part; that he had a meritorious defense and has used due diligence, and was prevented from making his defense by the fraud, accident, or acts of the opposite party, wholly unaffected by any fault or negligence of his own. Nevins v. McGee, 61 Texas, 412.

STAYTON, CHIEF JUSTICE.—Snodgrass & Woodward having recovered a judgment against M. M. & P. M. Whittington about June 16, 1887, caused a writ of garnishment to be served on appellant requiring him to answer as to his indebtedness to either of the Whittingtons and as to all other matters as provided by statutes in such cases.

Appellant alleges that he requested Snodgrass to write his answer, which he refused to do, and that at the same time he informed Snodgrass "that he did not have any effects of the said Whittingtons or either of them in his possession, and that he did not know of any other person who did have any effects or credits of said parties in their possession," and that he informed Snodgrass he would be about at the next term of the court, at which he would be required to answer.

From the averments it may be inferred that Snodgrass at one time may have agreed to write the answer, but it is expressly averred that he subsequently refused to do so and informed appellant that he could write the answer himself, and told him what he thought would be a sufficient answer.

Appellant, however, alleges that not being a lawyer himself, and doubting his ability to make a proper answer, on the same day Snodgrass refused to write it he employed another lawyer and a justice of the peace to assist him to make out his answer, and that he made a full statement to the justice of the facts under which a sufficient answer might have been drawn; that the justice drew his answer, which he signed, made affidavit to, and filed, believing it to be sufficient.

The answer was: "I am not indebted to the above named M. M. Whittington or P. M. Whittington, nor do I know of any one who is indebted to them."

This answer being insufficient, on June 27, 1887, a judgment was

rendered against him, he not being present at that term, and of this he alleges that he had no notice until the 4th day of October following.

The petition contains averments of fact which if true and set up in the answer would have relieved appellant from liability as garnishee.

An execution having issued against him and been levied on his property, the purpose of this proceeding is to enjoin a sale under the levy made.

On March 24, 1888, the court overruled a motion to dissolve injunction that had been granted, but on March 9, 1889, sustained a general demurrer to the bill, and appellant declining to amend, the injunction was dissolved and the bill dismissed, and from that ruling this appeal is prosecuted.

It is insisted that the court erred in acting on a general demurrer at a term subsequent to that at which it had refused to dissolve the injunction on motion.

There was no error in this. If the bill stated no grounds on which the relief sought could be legally rendered, it would have been folly for the court to have heard proof upon them.

The answer to the writ of garnishment was insufficient, and a judgment was properly rendered against appellant on it.

Appellant shows that he might truly have made an answer that would have protected him, but his failure to do so is attributable to his own want of proper care and diligence, or to such failure on the part of the persons employed by him.

He was not misled by the opposite parties, nor in any manner induced by them to omit the doing of that which the writ commanded him to do.

That he did not rely upon Snodgrass is made clear by the fact that he expressly avers that he refused, and that he employed another attorney and a justice of the peace to prepare his answer.

No promise was made nor ground for belief given that hearing on his answer would be postponed until his return; and after his return, so far as the record shows, he gave no further attention to the matter until after more than one term of the court had passed after the judgment was rendered against him.

It is not enough that he may have had a good defense to the garnishment proceeding, but it was incumbent on him to present it, and having failed to do so, without fault of appellees or the existence of some fact which prevented his so doing, he can not make his own negligence a ground for injunction.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Delivered June 21, 1889.