## B. G. SELMAN v. ORR & LINDSEY.

### No. 2671.

1.  **Idem Sonans.**—Orr & Lindsley and Orr & Lindsey are not *idem sonans.*

2.  **Default for Failure to Answer in Garnishment.**—The case of Freeman v. Miller, 51 Texas, 444, upon a similar state of facts, is adhered to.

ERROR from Tarrant.   Tried below before Hon. R. E. Beckham.

This was a garnishment proceeding by Orr & Lindsley, plaintiffs, in District Court of Tarrant County, in case of Orr & Lindsley v. B. P. Hatcher, No. 4043, against R. W. Watson, since deceased.   The affidavit shows that Watson was a resident of Collin County.   Writ of garnishment was

served on Watson, and on application of plaintiffs commission was issued to the district clerk or notary public of Collin County in the usual form, which was returned by the clerk, stating that he had caused R. W. Watson to appear before him at his office, "and who after being sworn deposes and says that there is a settlement to be made between himself and B. P. Hatcher, before he can tell whether he is indebted to B. P. Hatcher or not, and if indebted to him, how much. There is an outstanding indebtedness due the late firm of R. W. Watson in which the said B. P. Hatcher is interested, and it will be utterly out of the question to make a correct settlement with said Hatcher until those outstanding claims are disposed (of) in some way satisfactory to the parties to whom they are owing." The answer as made above was signed by R. W. Watson, and the clerk certified as follows: "The foregoing statement of R. W. Watson was by me reduced to writing, * * * and was then and there sworn to and subscribed by said R. Watson." No further answer was made by the garnishee, and no further certificate was made by clerk executing the commission.

On exceptions of Orr & Lindsley being made to the sufficiency of the answer of the garnishee, and motion that the same be so held, and for judgment by default against Watson for the amount before recovered against B. P. Hatcher, such judgment was rendered in favor of Orr & Lindsey for $786.35, interest, and costs.

B. G. Selman, executor of R. W. Watson, who was at the time deceased, filed petition for writ of error, and brought the case to the Supreme Court, assigning errors. The affidavit for the writ, the bond, the writ, application for commission, order for commission, the commission, answer of interrogatories, exception to the answer, and motion for judgment by default, all describe the plaintiffs as Orr & Lindsley; the judgment is in favor of Orr & Lindsey. The proceedings do not show which is correct, Lindsley or Lindsey.

*Hyde Jennings,* for plaintiff in error, insisted: 1. That Lindsley and Lindsey are not *idem sonans,* and that an affidavit for writ of garnishment, writ of garnishment, and all the other pleadings and process, except the final judgment, describing the plaintiffs as Orr & Lindsley, will not support a judgment found by default describing said plaintiffs as Orr & Lindsey, and rendered in favor of said Orr & Lindsey. Faver v. Robinson, 46 Texas, 204; McRee v. Brown, 45 Texas, 503.

2. That where garnishee resides out of the county in which the original action is pending, no judgment by default can be taken against him on answer to interrogatories because some of the interrogatories are not answered, without a statement by the officer taking the answers, duly certified by him and under his hand and seal of office, that said garnishee

had failed or refused to answer said questions. Rev. Stats., arts. 203, 204; Jemison v. Scarborough, 56 Texas, 358; Culbertson v. Ellison, 20 Texas, 102.

*W. L. Husbands,* for defendants in error. — 1.   As to clerical misprision and garnishees' right to object to same.   Waples on Att. and Gar., 517, 518; Roberts v. McMillan, Dallam, 564.

As to *idem sonans.*   Williams v. The State, 5 Texas Ct. App., 226.

2.   Practice upon garnishee failing to answer.   Freeman v. Miller, 51 Texas, 443; Adams v. McCown, 15 Texas, 349; Jemison v. Scarbrough, 56 Texas, 358; Drake on Att., secs. 451, 634, 636, 656, 657; Waples on Att. and Gar., pp. 357–59, 364, 514; Henry v. The State, 7 Texas Ct. App., 388; Hulton v. The State, 7 Texas Ct. App., 44; Smith v. The State, 36 Texas, 317; Goode v. The State, 2 Texas Ct. App., 520; Wells v. The State, 4 Texas Ct. App., 20.

COLLARD, JUDGE.—All the proceedings for garnishment in this case were in the name of Orr & Lindsley v. R. W. Watson, except the judgment, which was for Orr & Lindsey.   We do not think Lindsley and Lindsey are *idem sonans,* consequently the judgment can not stand. Roberts v. The State, 2 Texas Ct. App., 4; Whart. Crim. Ev., 9 ed., sec. 96; Shields v. Hunt, 45 Texas, 425; McRee v. Brown, 45 Texas, 503; Faver v. Robinson, 46 Texas, 204.

Watson living in a different county from the one in which the writ of garnishment issued, a commission issued to the clerk of the District Court of the county of his residence in the usual form, and was returned by the clerk as follows:

"*Orr & Lindsley v. B. P. Hatcher.     No. 4044.     Suit in District Court of Tarrant County.*—In obedience to the attached order, I caused R. W. Watson to appear before me July 26, 1887, at my office in Weston, in obedience to the order to take his depositions as garnishee in the above entitled cause, and who, after being by me duly sworn, deposes and says that there is a settlement to be made between himself and B. P. Hatcher before he can tell whether he is indebted to B. P. Hatcher or not, and if indebted to him, how much.   There is an outstanding indebtedness due the said firm of R. W. Watson, in which the said B. P. Hatcher is interested, and it will be utterly out of the question to make a correct settlement with said Hatcher until those outstanding claims are disposed of in some way satisfactory to the parties to whom they are owing.

"R. W. WATSON.

"The foregoing statement of R. W. Watson was by me reduced to writing, at the time and place aforesaid, and was then and there sworn to and subscribed by said R. W. Watson.

"To certify which I hereunto set my hand and affix my seal of office in the town of Weston, Collin County, Texas, this 26th day of July, 1887.

[SEAL]                    "A. T. ROBERTSON, J. P.,
               "Ex officio Notary Public, C. C., Texas."

Plaintiffs Orr & Lindsley excepted to the answer, and the court on motion gave judgment by default against the garnishee for the full amount of the judgment previously rendered in the original suit, $786.35, interest, and costs.

All the errors assigned by plaintiff in error were before the court in the case of Freeman v. Miller, 51 Texas, 444, a case similar to this one in all respects. The answer made by the garnishee was but a general denial of indebtedness, and, as in this case, there was no pretense of answering all the questions; the return and certificate of the officer executing the commission were substantially as in this case; there was no citation to the garnishee and sheriff's return showing service returned with the commission, and there was no certificate of the officer showing failure or refusal of the garnishee to answer; it was held that judgment by default was properly rendered. The court did not discuss all the assignments of error, but it was held that in a case where third persons were not interested the appearance of the garnishee might be voluntary, and if he did so appear without process and answer it was sufficient.

The law then as now required the officer executing the commission to certify to the fact if the garnishee failed or refused to appear and answer. Pasch. Dig., art. 167; Rev. Stats., arts. 203, 204.

The court did not discuss the point arising from the want of such certificate. It did not demand discussion. The answer made evidenced the failure to answer all the questions, and no certificate was needed, except to show what answer was made.

We think all the questions raised as to the court's authority in this case to enter the judgment by default were decided adversely to plaintiff in error in the case above referred to; but because of the discrepancy in the affidavit and proceedings for the writ and the judgment before noticed, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 20, 1889.