GAY RANCH COMPANY v. PEMBERTON BROS. & YOUNGBLOOD.

Decided April 21, 1900.

1. **Garnishment—Failure of Garnishee to Answer Fully—Judgment by Default.**

Where a garnishee fails to fully answer the interrogatories in the commission issued to take his answer as a garnishee, no certificate by the officer of such failure to answer is necessary, since the failure in such case is patent, and the court may, upon sustaining a motion to strike out the answer as insufficient, proceed to render judgment by default against the garnishee as for want of an answer. Revised Statutes, articles 237, 238, construed.

2. **Same—Notice to Garnishee Not Necessary.**

Where a garnishee, whether residing in the county where the suit is pending or in another county, answers the writ of garnishment and files his answer in court, it is not necessary to serve him with notice of a motion to strike out the answer because insufficient, and for judgment by default as for want of an answer.

Error from Midland. Tried below before Hon. W. R. Smith.

*Williams & Bailey*, for plaintiff in error.

*Hawkins & Camp*, for defendants in error.

HUNTER, Associate Justice.—On October 26, 1898, Pemberton Bros. & Youngblood had a judgment in the District Court of Midland County against D. P. Gay for $2866.35, with 10 per cent interest thereon from February 9, 1897, and $53.40 costs of suit, and on that day filed with the clerk of said court an application for a writ of garnishment against the Gay Ranch Company of Runnels County, alleging that said company was a domestic corporation with its principal office in Runnels County, and that Jack McGregor was its secretary, who also resided in Runnels County. The writ issued on the same day, and on November 2, 1898, the same was served on Jack McGregor as secretary of the company.

The garnishee failed to answer the writ at the succeeding term of court, and on May 27, 1899, a commission was issued to take the answers of said garnishee to said writ, and was placed in the hands of J. W. Powell, a notary public for Runnels County, who took the answers of Jack McGregor and returned and filed them with the district clerk June 11, 1899. The writ was in the statutory form, and the answers thereto were certified by the said notary public to be as follows: "The Gay Ranch Company have not been indebted to D. P. Gay in any amount, at any time, to my knowledge. It had no effects of D. P. Gay in its possession now or at time writ was served. I don't know of any persons being indebted to D. P. Gay, or having effects of his in their possession. There was six shares of stock in the Gay Ranch Company, of $100 each, issued to D. P. Gay, soon after its organization, to, and since that time I, as secretary, have been notified by a San Antonio party that D. P. Gay had transferred said stock to them for a loan, and forbidding me, as secretary, to transfer said stock to anybody."

Soon after these answers were filed the plaintiffs filed interrogatories to the said Jack McGregor, making specific inquiries, which, if they had been answered, would have supplied the defects in the answers as above given. Notice was served on the Gay Ranch Company of the filing of these interrogatories, and of plaintiffs' intention to apply for a commission, etc., as required by the statute in taking the depositions of witnesses, and after due service of the notice and the expiration of the five days, a commission was issued thereon to the proper officers of Runnels County, and placed in the hands of said notary public, Powell, who caused a subpoena to be served on said Jack McGregor, who appeared before him in obedience thereto, and the notary having propounded all the interrogatories to him he declined to answer them, and thereupon the said notary indorsed on

the commission a certificate of the fact of refusal, etc., and returned the commission and interrogatories to the district clerk, and they were filed in his office September 2, 1899.

Thereupon plaintiff filed exceptions to the answer of the garnishee as filed, because of the failure to answer as to the number of shares and interest said Gay owned in the garnishee company, either at the time of answering or at the time the writ was served.

In connection with the exceptions, plaintiffs filed a motion setting forth the efforts made to retake the answers of the secretary by deposition, etc., and his refusal to answer as certified by the notary public, and alleging that the answers as given were willfully evasive, moving the court to strike out said answer, and for judgment by default against the garnishee company for the full amount of plaintiffs' judgment.

The exceptions and motion were heard on September 9, 1899, when the court sustained the exceptions and motion, and gave judgment as by default against the garnishee company for the full amount of plaintiffs' judgment, the recitals in the judgment relating thereto being as follows: "This day came on to be heard plaintiffs' exceptions to the answer of garnishee and motion to strike out answer and for judgment by default, and the evidence and argument of counsel having been heard and fully understood, it is the opinion of the court that the answer of said garnishee is willfully evasive; that the law and facts are for plaintiffs, and that said exceptions and motion should be in all things sustained. It is therefore ordered, adjudged, and decreed by the court that the said exceptions and motion be and the same are hereby in all things sustained." From this judgment the Gay Ranch Company prosecutes a writ of error to this court.

Plaintiff in error contends here that the answer of the garnishee was full to all the questions, and not evasive, and that, if it was defective, it should have had notice of the motion to strike it out, or at least, that the motion had been sustained, so that it might answer more fully, and that the court erred in rendering judgment by default against it under the circumstances; that the statute did not authorize judgment as by default against it, where, as in this case, the notary public had not certified the failure or refusal to answer, as provided in Revised Statutes, articles 237, 238. These articles apply to garnishees who reside out of the county where the suit is pending, and where a commission has issued to take the answers of the garnishee to the writ, and where the officer holding the commission has summoned the party before him by writ of subpoena and he has failed to appear, or having appeared fails or refuses to answer or to answer fully the questions propounded in the writ. They are as follows:

"Article 237. Should the garnishee fail to appear in obedience to the writ, or having appeared, should he fail or refuse to answer, or to answer fully, the officer holding such commission shall return the same, together with the citation for the garnishee issued by him, and the service indorsed thereon, and a statement duly certified by him

under his hand and seal of office of such failure or refusal, to the clerk of the court or justice of the peace who issued the commission.

"Article 238.   Upon the return of such commission with the citation for the garnishee, and the return thereon, and the certificate of such failure or refusal of the garnishee to answer, as mentioned in the preceding article, it shall be lawful for the court at any time after judgment shall have been rendered against the defendant, and on or after default day, to render judgment against such garnishee for the full amount of such judgment against the defendant, with all accruing interest and costs, unless the defendant shall have previously filed a full and complete answer to the writ, and shall have also shown some good and sufficient excuse for his failure to appear and answer before the officer holding such commission."

In this case the notary public did not certify to any failure or refusal to appear, or to answer, or to answer fully, but certified the answers as the answer of garnishee to the writ, in the regular form. We think the answer is defective on its face, notably so in failing to answer the following questions propounded in the writ: "What number of shares, if any, said D. P. Gay owns in said company, or owned in said company when this writ was served; and what other persons, if any, within its knowledge, are indebted to said D. P. Gay or have effects belonging to him in their possession, and what interest, if any, he has in said company and had when said writ was served."   The answer fails to show how many shares Gay owned at the time of answering, or had at the time the writ was served, and fails to answer what interest Gay owned in the company at the time the answers were given, or owned at the time the writ was served.

We think these questions should have been answered fully, clearly, and unequivocally, or good reasons given why they could not be so answered, but our inclination would be to hold that no judgment by default against the garnishee could be rendered in such a case, in the absence of a certificate of the officer of failure or refusal to answer or to answer fully, as provided in articles 237 and 238 above quoted.   This construction of the statute, it seems to us, would be in the interest of fairness towards the garnishee, and we would so construe the statute, were it not that our Supreme Court has, in our opinion, settled the question the other way—holding that, where the questions contained in the commission are not all answered, no certificate of failure to answer is necessary; that the failure is patent, and that judgment by default may be rendered as for want of an answer. Freeman v. Miller, 51 Texas, 443; Jemison v. Scarborough, 56 Texas, 358; Sellman v. Orr & Lindsey, 75 Texas, 531; Cullers v. City Bank (Texas Civ. App.), 27 S. W. Rep., 900.

The court in this case, however, finds as a fact, and it seems, upon evidence heard, that the failure to answer was a *willful evasion*.   No statement of facts or conclusions of the judge, other than as recited in the judgment, are contained in the record, and while it seems to the

writer that the garnishee should have had some notice of the trial in which the fact of willful evasion was to be established against him, yet it seems that, upon the authority of the cases cited above, the trial court was authorized to render the judgment as by default, without finding the fact of willful evasion.

It is contended, however, by appellee that the garnishee was notified of the imperfections of its answer when its secretary, the same who had made the answer, was a few weeks later required to come before the same officers and answer the very same questions and others more fully, and in detail, and on which occasion, when the same were propounded to him, he refused to be sworn and refused to answer; and we are not clear that this proposition is not tenable, but at all events, under the circumstances stated and the decisions of our Supreme Court, we find ourselves unable to give the plaintiff in error any relief whatever.

We think these cases cover the point involved, and upon their authority this decision is made, and we therefore conclude that when a garnishee, whether resident in the county where the suit is pending or not, an-answers the writ and files it in court, he must then be considered in court, at least for the purpose of defending any attack upon his answer made upon the ground that he has failed or refused to comply with the law in making it.

We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*