JONES HARDWARE & FURNITURE CO. v.
GUNTER. (No. 934.)

(Court of Civil Appeals of Texas. Amarillo.
March 1, 1916.)

1. GARNISHMENT &ominus;178—ANSWER—EFFECT.

A garnishee, having appeared by answer to the writ served on him, placed himself in court, and no commission was required to be issued to take his answer after his answers had been stricken out.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 329–334; Dec. Dig. &ominus;178.]

2. GARNISHMENT &ominus;178—DEFAULT JUDGMENT—SETTING ASIDE—STATUTE.

Under Rev. St. 1911, arts. 281, 292, authorizing the rendition of judgment against the garnishee for the full amount of the judgment against the defendant in the proceeding in which the writ issued if the garnishee fails to make full answer to the interrogatories, a garnishee company which undertook to answer the interrogatories in a writ, and which without willful intent and through oversight failed to answer a question interlined in ink near the bottom of the page, which was faint, as to whether a defendant owned shares in the garnishee corporation, and which on its motion to set aside a default judgment showed that the defendant owned no shares, was entitled to have the judgment set aside, and to be allowed to file its answer.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 329–334; Dec. Dig. &ominus;178.]

3. GARNISHMENT &ominus;93—WRIT—STATUTE.

Under Rev. St. 1911, arts. 275, 276, 284, and 287, requiring that it appear from the affidavit that the garnishee is a corporation and that the debtor has shares therein, and, if otherwise, the writ cannot require the garnishee to answer as to the number of shares the debtor owns in the company, a writ purporting to recite the affidavit, not alleging that the judgment debtor owned shares in the garnishee corporation was faulty and calculated to mislead the garnishee.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 160, 174–180; Dec. Dig. &ominus;93.]

Appeal from Roberts County Court; J. Kinney, Judge.

Action by H. L. Gunter against W. H. Brown and another, with garnishment against Jones Hardware & Furniture Company. Judgment against the garnishee by default, motion to set aside judgment overruled, and the garnishee appeals. Reversed and remanded, with instructions to set aside the judgment and permit the garnishee to answer.

Hoover & Dial, of Canadian, for appellant. J. A. Holmes, of Miami, for appellee.

HUFF, C. J. H. L. Gunter obtained judgment in the county court of Roberts county, Tex., for the sum of $816.09, against W. H. Brown and M. Frankness Reed. In that suit Gunter filed his affidavit that he had reason to believe that the Jones Hardware & Furniture Company, a corporation, whose residence was alleged to be in the town of Canadian, Hemphill county, Tex., was indebted to W. H. Brown or had in its hands effects belonging to him, and that Brown is the owner of shares in the above-named corporation and had an interest therein. This affidavit is dated April 7, 1915. On the 8th day of April, a writ of garnishment was issued by the clerk of the county court of Roberts county, directed to the proper officers of Hemphill county, reciting therein that Gunter had made affidavit to the effect that he had recovered judgment against Brown and Reed for $816.09 and $9.65 costs, "that said judgment still remains due and unsatisfied, and that defendant has not within the knowledge of affiant property in his possession within this state subject to execution sufficient to satisfy said judgment, and that affiant has just reason to believe that the Jones Hardware & Furniture Company, a corporation duly incorporated, is indebted to the said W. H. Brown, or has effects of the said W. H. Brown in its hands, and has applied for a writ of garnishment against the said Jones Hardware & Furniture Company, a corporation duly incorporated," directing that appellant be summoned to answer at the next term of the county court of Roberts county, at Miami, which convened July 5, 1915, what, if anything, it was indebted to Brown, and what when the writ was served, what effects, if any, of Brown it had in its possession and when the writ was served, and what other person, if any, within its knowledge, was so indebted, etc., "and, further, to answer what number of shares, if any, the said W. H. Brown owns in said company and owned when such writ was served." This last clause is added after the interrogatories as to indebtedness, effects, and what others were indebted or had effects of Brown. The original writ is sent up in this transcript by order of the court. The interrogatory with reference to shares is interlined at the bot-

tom of the writ by a typewriter, the ribbon of which was evidently badly in need of ink, as it is very dim, requiring close attention to read it. On July 5th the garnishee, appellant herein, answered, denying indebtedness to Brown or that it had any effects of his, etc., but failed to answer as to whether Brown had any shares in the corporation.

At the October term of the county court, on the 5th day of October, the appellee, Gunter, filed his exception to the answer of the garnishee, because it had failed to answer as to the number of shares, as required, and moved to strike out the answer upon that ground. The trial court sustained the motion and struck out the answer, and on the 5th day of October, 1915, rendered judgment against appellant for the full amount of the judgment theretofore rendered against Brown and Reed, for the sum above specified.

On the 7th day of October, 1915, appellant filed a motion to set aside the judgment by default, setting up several grounds, among which were that its failure to answer the writ as to the shares owned by Brown in its corporation was an oversight and a clerical error, and was not willfully made or omitted; that, as a matter of fact, Brown did not own any shares in the corporation at the time of the service of the writ or at the time of making the motion, etc. The appellant offered evidence of C. C. Shaller, appellant's secretary and treasurer, which evidence was rejected by the trial court. The evidence offered is to the effect that he (Shaller) prepared the answer, and that he faithfully undertook to answer the interrogatories, and, if any were left unanswered, he failed to see it; that the question unanswered was interlined down near the bottom of the page on the writ and was not very plain, and his failure to observe it was the cause of its not being answered; that he undertook faithfully to make answer to all the interrogatories; that his failure was not prompted by any desire to mislead or harass the appellee in any manner. He then testified that Brown owned no shares in the corporation, and fully negatived all the questions in the writ.

The trial court sustained objections to this evidence made by the appellee to the effect that the evidence was immaterial and irrelevant; that it came too late; that the garnishee had failed to answer, and was then attempting to get before the court another answer. The trial court refused to set aside the judgment by default, and overruled the motion of the appellant, to which action exceptions were taken and this appeal prosecuted.

The appellant assigns error on the part of the trial court in overruling and in not sustaining the motion, on the grounds above set out, because the allegations and proof offered raised the question as to whether Brown owned any shares, and whether or nor the failure of the garnishee to inset that fact in his answer was an oversight or a clerical error, and whether it was willfully made or omitted for the purpose of injuring the appellee. The trial court in his conclusions of law filed herein says that, appellant having failed to answer the writ as required and having failed to appear and answer on appearance day, the appellee was entitled to recover, and that the motion to set aside the judgment was too late and should be overruled.

[1] Appellant, having appeared by answer to the writ served on him, placed himself in court, and no commission was required to be issued to take his answer after his answer had been stricken out. Gay Ranch Co. v. Pemberton, 23 Tex. Civ. App. 418, 57 S. W. 71, and authorities cited.

[2, 3] Under articles 281 and 292, R. C. S., judgment may be rendered against the garnishee for the full amount of the judgment against the defendant in the proceedings out of which the writ issued, if the garnishee failed to make full answer to the interrogatories. Selman v. Orr, 75 Tex. 528, 12 S. W. 697; Melton v. Lewis, 74 Tex. 411, 12 S. W. 93; McDowell v. Bell, 46 S. W. 400. The question, however, remains: Did the court err in refusing to set aside the default under the facts of this case? There is no question raised but that the garnishee showed a meritorious defense, and that it was not liable for the debt. The mere omission to observe the interrogatory and a clerical mistake in drawing the answer which omitted to answer the interrogatory may not be sufficient ordinarily to excuse the omission. Appellee relies upon the case of Freeman v. Miller, 51 Tex. 443. In that case there was no motion made to set aside the default in the trial court, but it was sought to be corrected by appeal to the Supreme Court. The court therein said:

"If from accident, mistake, or other cause injustice has been done the garnishee, he himself must take the initiative, and, by motion made in due time, or other proper proceedings, seek to set aside the judgment."

Afterward the garnishee in the Freeman Case presented a petition for injunction, setting up that a justice of the peace drew up the answer, and it was alleged that he was ignorant of the law and inexperienced, etc. The trial court upon motion dissolved the injunction. From his order the case was again taken to the Supreme Court (53 Tex. 372), and that court reversed the action of the trial court in dissolving the injunction. When the Freeman Case was first before the Supreme Court, the case of Dowell v. Winters, 20 Tex. 794, was cited as being in point upon the proper practice in a case of that character. In the case cited it is said:

"But where the trial has not been delayed, and there is an affidavit of merits, we think the default should be set aside and the answer received, upon some showing by way of excuse for the failure to plead in time. The excuse proffered in this case was certainly very slight.

But it appears that the counsel acted under a mistake of law, * · * * and there is reason to apprehend that, if not allowed to make defense, irreparable injury may be the consequence."

In this case the motion to set aside the judgment ,was timely, less than two days after the rendition of the judgment, and at the same term of court, and no serious delay could have resulted. It is stated there was an oversight in making the answer and a clerical error, and that there was no purpose to mislead or delay the plaintiff in this case. The grounds as an excuse is slight, and perhaps does not come up to that full measure required in showing no fault in failing to properly answer; but such an oversight can readily be understood when the writ itself is examined. It is on a printed form, with all the questions save the one not answered printed, and this one is crowded between the printed interrogatories and the direction to the officer to make return of the writ, and so dimly typewritten that it is difficult to perceive it. The party making the answer gives this as his excuse for not answering the interrogatory. In addition to the dimness of the interlineation, the writ purports to set out what the affidavit for the ,writ states. The affidavit, according to the writ, did not state that affiant had cause to believe that Brown, the judgment debtor, owned shares in the appellant corporation. That was omitted from the writ in its recitation of the affidavit. Under articles 275, 276, 284, and 287, R. C. S., it must appear from the affidavit that the garnishee is a corporation or joint stock company, and that the debtor has shares therein; otherwise the writ is not authorized to require the garnishee to answer what number of shares the debtor owns in such company. Le Tulle, etc., v. Markham, etc., 94 S. W. 417. The writ recited what purported to be the contents of the affidavit, which, if true, did not require an answer as to the shares owned by Brown. The appellee at least ,was in fault to the extent in procuring the writ which was calculated to mislead the garnishee, who was a nonresident to the county of the suit. In a suit against a garnishee for conversion of effects it is required that the facts relied upon establishing liability for such conversion be alleged. Holloway Seed Co. v. Bank, 92 Tex. 187, 47 S. W. 95, 516.

In this case the appellee, by procuring the writ issued which it did, notified the appellant that under the law it was not required to answer what shares Brown owned in the company. This writ, together with the interlined dim question, was reasonably calculated to procure the answer as made and to omit from the answer the shares owned or not owned by Brown. In the case of Jemison v. Scarborough, 56 Tex. 358, it is said, "The interrogatory not answered in form is misleading," and for that reason it was suggested that the default should not be allowed.

It is doubtless contended by appellee that appellant in this case, being in court, by answer, should take notice of the affidavit, but, as the facts show, it was not personally present, and when it prepared its answer in another county it answered all the interrogatories the law required, under the recitation in the writ, and we believe that fact should be looked to on the question of its negligence. We think it may be said that the omission in the answer .was not willful, but due to an oversight on the part of appellant, and, no delay which would have affected the rights of the parties appearing, the court ought to have granted the motion to set aside the judgment and to have permitted the appellant to file its answer. Bank v. Robertson, 3 Tex. Civ. App. 150, 22 ·S. W. 100, 24 S. W. 659; Simmons v. Ash, 1 Tex. Civ. App. 202, 20 S. W. 719; Capps v. Bank, 134 S. W. 808; Wood v. Edwards, 9. Tex. Civ. App. 537, 29 S. W. 418; Heath v. Jordt, 31 Tex. Civ. App. 535, 72 S. W. 1022.

The case will be reversed and remanded, with instructions to the trial court to set aside the judgment against appellant and to permit it to answer.

Reversed and remanded, with instructions.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Application for writ of error pending in Supreme Court.