## DURFEE MINERAL CO. v. CITY NAT. BANK OF TEMPLE.   (No. 6397.) *

(Court of Civil Appeals of Texas.   Austin.
Nov. 9, 1921.   Rehearing Denied
Jan. 18, 1922.)

**1. Garnishment ⊜⇒142—Answer of corporation omitting statement of debtor's interest therein, and not sworn to, is subject to exception.**

The answer of a nonresident corporate garnishee which did not specifically deny that the debtor owned any shares in the corporation, and did not state whether he had any interest therein as required by statute, and which was not signed or sealed by the notary, and therefore not sworn to, was subject to exception by the creditor.

**2. Garnishment ⊜⇒145—Notice to garnishee of sustaining exceptions to answer is unnecessary.**

Where exceptions to a garnishee's answer were sustained when the case was called for trial, apparently in due order, neither the creditor's counsel nor the court owed the garnishee any duty to give notice of such ruling before proceeding with the trial of the case, but it was the garnishee's business to follow the case.

**3. Garnishment ⊜⇒149 — Statute relating to commission to take depositions inapplicable where nonresident garnishee's answer is insufficient.**

Rev. St. 1911, art. 283, requiring a commission to compel the garnishee to answer interrogatories where the garnishee resides in another county and fails to make answer, does not apply where a nonresident garnishee filed an answer and thereby submitted to the jurisdiction of the court, even though the answer was so defective that it amounted in law to no answer.

**4. Garnishment ⊜⇒178 — Statute authorizing judgment after garnishee's default does not apply after defective answer nor to nonresident garnishee.**

Rev. St. 1911, art. 282, providing for judgment against the garnishee by default where it has failed to make answer, does not apply where the garnishee has made defective answer, nor does it apply to nonresident garnishee.

**5. Garnishment ⊜⇒180—Judgment cannot be rendered without proof against nonresident answering garnishee before commission issues.**

Under Rev. St. 1911, art. 293, authorizing judgment against the garnishee where it appears from the answer that it is indebted to defendant, or where that fact is otherwise made to appear, does not authorize a judgment to be rendered against the garnishee without proof it is indebted to the judgment debtor, where the garnishee was a nonresident and filed an answer which was insufficient, and where no commission had issued to require the garnishee to answer interrogatories.

**6. Garnishment ⊜⇒1—Right depends on strict law.**

Garnishment is an inquisitorial and summary proceeding, and depends on strict law.

**7. Garnishment ⊜⇒146—Garnishee should be permitted to amend defective answer.**

Under the spirit of the garnishment statutes, a garnishee whose answer was defective for failure to state required facts, and because not sworn to, should be given an opportunity to amend.

### On Motion to Strike Transcript.

**8. Appeal and error ⊜⇒655(1)—Page of transcript inserted after certification should be stricken.**

A page of transcript of record which was not bound by the tape or ribbon under the seal of the court, as required by rule, and which contained matters filed by the clerk below after official certification of the transcript, is improper and should be stricken from the record; but it is not necessary for that reason to strike the entire transcript.

**9. Appeal and error ⊜⇒644(1) — Defects in transcript held not waived.**

Inclusion in a transcript of a page not bound by the tape under the seal of the court, and containing matter filed after the transcript was certified, was a violation of both the letter and the spirit of the rule intended to protect the verity of the record, and involved a breach of the rules which neither party could waive, so that Courts of Civil Appeals rule 8 (142 S. W. xi), relating to time for motion to strike the transcript, is not applicable.

---

On Rehearing.

**10. Appeal and error ⬤⮞662(2)—Recital no proof was heard precludes presumption to support judgment.**

The presumption that, in the absence of a statement of facts or findings of fact by the trial court, the judgment below was supported by sufficient evidence, is one of fact, and does not apply where the recitals of the judgment disclose that the trial court did not hear evidence, but rendered judgment alone upon a theory of law disclosed in the decree.

Error from Bell County Court; M. B. Blair, Judge.

Action by the City National Bank of Temple against the Durfee Mineral Company, as garnishee. Judgment for the plaintiff, and the garnishee brings error. Reversed and remanded.

W. D. Gordon, of Beaumont, for plaintiff in error.

W. R. Butler, of Temple, and Dilworth & Marshall, of San Antonio, for defendant in error.

BRADY, J. Defendant in error, City National Bank of Temple, held a judgment against one B. A. Cordell, amounting to about $950. The bank instituted this suit in garnishment April 12, 1920, against Durfee Mineral Company and another corporation, which latter company was subsequently dismissed from the suit. The Durfee Mineral Company was a foreign corporation, but alleged to have its domicile and principal office in Wichita county, Tex. The application and writ of garnishment were in the usual form, and service was duly had upon the president of the company.

On June 2, 1920, which was five days before the term of court to which the writ was returnable, plaintiff in error, the Durfee Mineral Company, filed its answer. The answer generally denied that the company was indebted to Cordell, and averred that it had no effects of his in its possession, other than that the books of the company showed an apparent ownership of six shares of its capital stock, which stood in the name of B. A. Cordell. The answer then proceeded to allege certain facts upon information and belief, tending to show that this stock was in fact owned by Mr. Cordell's wife, who was largely interested in the company. The answer did not purport to specifically deny that Cordell owned any shares in the company, nor did it state whether he had any interest in the company, as required by our statutes. Furthermore, while the answer was signed by the company, through its president, and contained the jurat of a notary public, it was not signed nor sealed by the notary, and therefore does not show that the answer was sworn to, as is also a requirement of our statutes.

On June 15, 1920, defendant in error excepted to the answer, alleging its legal insufficiency in the several respects heretofore noted, and prayed that the answer be stricken out. It seems that the defendant was not represented by counsel at the trial, and on the same day that the exceptions were filed and sustained a decree was entered for the bank for the full amount of its judgment against Cordell, and execution was issued.

We will not consider the assignments seriatim, but will briefly discuss the principal questions raised on the appeal in the order deemed most convenient.

[1] We overrule the contention that there was error in sustaining the exceptions. It is obvious that the answer did not comply, in several essential particulars, with the statute, especially in omitting to make any answer as to the interest of Cordell in the company, and also in that the answer was not sworn to. Substantially all the exceptions appear to us to have been well taken.

[2] We are also of the opinion that there was no error in proceeding with the trial of the case in the absence of counsel for plaintiff in error, and without informing counsel of the company of the action on the exceptions. Presumably, and as far as the record shows, the case was called regularly and in due order, and neither counsel for defendant in error nor the court was under any duty to give any notice of the rulings made. It was the business of plaintiff in error to follow the case in its orderly course through the court, and no error is apparent in the record in this particular.

[3] We also overrule the claim that the court was without jurisdiction to render any judgment against plaintiff in error, a nonresident garnishee, without having previously propounded interrogatories to the garnishee, under article 283 and succeeding articles of the Revised Statutes. This claim is especially urged because of the consideration that the trial court sustained exceptions to the answer as legally insufficient, and in effect held it to be no answer at all.

It is true that article 283 provides that, where a garnishee resides in some other county than that from which the writ of garnishment issues "and fails to make answer to the writ," the court shall, on motion of plaintiff, issue a commission to some officer of the county in which he resides, requiring the garnishee to answer the interrogatories contained in the writ. However, this article is not regarded as applicable to the present case, for the very simple reason that the garnishee did not fail to make answer to the writ. It filed a written answer, which was defective in several important particulars, it

is true; nevertheless, it was an answer, and constituted the company's legal appearance in the court a quo. It was sufficient to give jurisdiction to that court over the person of the garnishee, and to enable it to try and adjudicate the issues properly arising thereunder. This was the holding by the Dallas Court of Civil Appeals, in Hardware Co. v. Texas Cotton Compress Co., 26 S. W. 168, and in Wood Mowing & Machine Co. v. Edwards, 9 Tex. Civ. App. 537, 29 S. W. 418. To the same effect is the holding of the Amarillo Court, in Jones Hardware Co. v. Gunter, 184 S. W. 342.

We see no distinction, in principle, as to the rule in garnishment cases and in other classes of cases upon the question we are considering. The filing of an answer, however defective, constituted legal appearance, and conferred jurisdiction over the person. This the garnishee might have prevented, and it might have availed itself of the statutory right to have another writ issued to take its deposition in answer to interrogatories, by refusing or failing to answer the original writ of garnishment. This it did not choose to do, but filed an answer. Even if the effect of sustaining the exceptions to the answer was to leave the garnishee without any answer to the merits, it would not affect the question of the court's jurisdiction to proceed with the cause.

There is another question upon which we prefer to express no final opinion, in view of the conclusion we have reached that the case should be reversed on another ground. It is urged by plaintiff in error that, even if a judgment could lawfully have been rendered under the circumstances by the trial court, it could not do so until the succeeding default day after the exceptions had been acted upon and sustained. This construction of the statute seems to have been given by one of the Courts of Civil Appeals in the case of McDowell v. Bell, 46 S. W. 400. We are unwilling to place this construction upon the statute. The writ was returnable to the June term, and the answer was filed before default day; therefore it would regularly come up on default day, but, an answer being on file, it would seem to stand for trial as any other case. The judgment was really not one by default, but was after answer filed and appearance made. Hence we do not feel called upon to decide the question suggested, although it has been thought proper to indicate the view to which we incline.

This brings us to a consideration of the question upon which we have decided the case must turn, and to a discussion of the error which we think requires a reversal of the cause.

The transcript contains a copy of the judgment, and, giving full verity to its recitals, and not considering a portion of the transcript which, on motion, we have stricken out for violation of the rules, it fairly appears from the terms of the judgment that, after sustaining the exceptions to the answer of the garnishee, the court, upon failure of the garnishee to amend its answer, proceeded to render judgment against the garnishee for failure of a sufficient answer and upon the theory that the garnishee did not deny under oath that it was indebted to B. A. Cordell. Without any proof having been required, the court rendered judgment against the garnishee for the full amount of its judgment against Cordell. Conceding that the original judgment was rendered in the same court which rendered the garnishment judgment, and therefore was within the judicial knowledge of the court, we do not think judgment against the garnishee was authorized without proof.

[4] The procedure in garnishment cases is fully and rather elaborately provided in chapter 2, title 11, Revised Statutes. Article 282 provides for judgments by default, where the garnishee has failed to make answer to the writ. Under its provisions, doubtless the plaintiff in garnishment is entitled to his judgment against the garnishee without proof, but it is limited to cases where there has been no answer to the writ, and, further to cases of resident garnishees. Obviously, this article has no application to the present case.

[5] We next find provision in the statutes for judgment against the garnishee in article 293. Thereunder the court is authorized to render a judgment for the plaintiff against the garnishee for the amount of indebtedness found to be due, unless such amount shall exceed the amount of plaintiff's judgment against the defendant, in which event the judgment shall be only for the amount of the original judgment, interest, and costs. Such a judgment is afforded in either of two cases: First, where it appears from the answer of the garnishee, made in either of the modes provided for in the chapter, that the garnishee is indebted to the defendant; second, where such fact is "otherwise made to appear, as hereinafter provided." Clearly the judgment in this case was not predicated upon the answer of the garnishee, for that expressly, although generally, denied that it was indebted to the defendant, and there were no admissions of fact in the answer which would authorize judgment to be entered upon the answer alone. Therefore the question arises: How otherwise was the plaintiff authorized to take judgment? The answer to this question is found in the succeeding articles, which, in effect, provide that if the plaintiff is not satisfied with the answer of the garnishee he may file a controverting affidavit. In such case, the statute expressly

requires an issue to be formed under the direction of the court and tried as other cases. As we construe the statute, if the garnishee is a nonresident of the county in which the proceeding is pending, but files an answer submitting his person to the jurisdiction of that court, the case is to be tried in the same manner and in the same forum as if he were a resident. However, it does not follow that judgment may be rendered without proof. On the contrary, we think the statute should be construed to require that, as in other cases, the burden is upon the plaintiff to prove his case by competent evidence.

[6] Garnishment, while provided to enable a creditor to collect his debt in cases where ordinary remedies are insufficient, is nevertheless an inquisitorial and summary proceeding, and depends upon strict law. Culberton v. Ellison, 20 Tex. 102; McDowell v. Bell, 46 S. W. 400; Lockhart v. Bowles, 1 White & W. Civ. Cas. Ct. App. § 344; Jemison v. Scarborough, 56 Tex. 360. It may seem anomalous that, where a garnishee has refused to answer the writ, or has made insufficient answer, the plaintiff is required to prove the very facts the writ was intended to elicit. But the procedure is provided by the statutes, and we think we have fairly construed them. After all, it does not seem any more of an anomaly than the requirement that, in the case of a nonresident garnishee, no judgment can be taken against him, if he has failed or refused to answer the original writ, until after another writ has issued with a commission to take his answers to the very same questions that were embraced in the original writ. In the case of such a garnishee, it is plain that the Legislature has seen fit to give him two chances to answer in the garnishment proceedings before any judgment at all can be taken against him.

Nor is the result of our construction of the statutes as applied to a nonresident garnishee any different from the effect where a garnishee files an answer, under oath, in conformity to the statute, and thus defeats the taking of judgment on his answer and without proof. In such case, even though it may be proven that his answer is not true, the burden is by statute cast upon the plaintiff to prove his case. We think this is also the result, under the very provisions of the law, where a nonresident garnishee has filed an answer containing no admissions which would authorize judgment upon them.

We have examined all the authorities cited by defendant in error, and we do not think the holding in any of them is at variance with the opinion here expressed. The facts in each were different, as far as appears from the reports, and the questions decided are not the same as presented here. Frankly, we have been cited to no case, and have found none, which involves the same facts and the same question.

[7] Having decided that the case must be reversed, we think it is proper to add that, under the spirit, at least, of the garnishment statutes, the garnishee in this case should be given an opportunity seasonably to amend its answer. Jones Hardware Co. v. Gunter, 184 S. W. 344. If it should not do so, or if the plaintiff is not satisfied with the answer upon which the garnishee elects to stand, the bank may file its controverting affidavit as provided, and prove up its case.

For the error indicated, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

### On Motion to Strike Transcript.

[8] Defendant in error has filed a motion to strike out the transcript, including the alternative prayer to strike out a particular page of the transcript. It is urged that the entire transcript should be stricken out, because it is not prepared in accordance with the rule for the district and county courts, in that the pages are not all included in the tape or ribbon binding under the seal of the clerk, and that the transcript contains matter not properly a part of the record.

We have concluded to overrule this contention, as we think our ruling upon the page particularly complained of sufficiently corrects the violation of the rules in its preparation.

Upon examination of the transcript, we find that page 17a is not bound by the tape or ribbon under the seal of the clerk, and that it appears to be affixed to the top of page 18, and, further, the matters contained on this inserted page appear to have been filed by the clerk below on January 28, 1921, whereas, the clerk's official certification of the transcript appears to have been given January 15, 1921. Therefore it appears that the inclusion of this particular page is not in accordance with the rules. For these reasons alone it should be stricken from the record. However, there is an additional reason for its exclusion. Such page contains what purports to be a copy of entries on the judge's docket, being a recital of rulings on exceptions, and order for the entry of judgment, and also a recital of pleadings considered as evidence, and a purported conclusion of law by the trial judge. We do not think these are proper matters to be included in the transcript, and certainly not in the manner in which they found their way therein.

The motion is granted to the extent of striking page 17a from the transcript, and in all other respects it is overruled.

[9] We think it is proper to add that this court has been very liberal in excusing fail-

ures to literally follow the rules, which are provided to promote justice rather than hinder it; but we cannot countenance a practice of this sort. The matter involves a violation of both the letter and spirit of a rule intended to protect the verity of the record, and involves a breach of the rules which neither party could waive. Therefore rule 8 for the Courts of Civil Appeals (142 S. W. xi), relating to the time for filing a motion to strike out the transcript, is not applicable.

### On Rehearing.

It is contended for defendant in error that we erred in holding that the judgment of the trial court should be reversed, on the theory that the bank failed to offer affirmative evidence showing indebtedness by the garnishee, because we should presume, in support of the judgment, that such proof was offered.

[10] We recognize that, in the absence of a statement of facts or findings of fact by the trial court, an appellate court should presume that the judgment of the trial court was supported by sufficient evidence. This, however, is a presumption of fact, and where the recitals of the judgment disclose that the trial court did not hear evidence, but rendered judgment alone upon a theory of law disclosed in the decree itself, the rule should not apply. While the question as applied to the decree in this case is not free from difficulty, we have concluded that the judgment, with reasonable certainty, shows that the court here rendered judgment without any proof of indebtedness whatever from the garnishee to the judgment debtor, but gave judgment upon the theory that the bank, the plaintiff, was entitled to judgment without proof, because the garnishee had failed to file a legal answer. Especially are we convinced of this, because of the admissions in the brief filed for defendant in error, in which it is substantially conceded that the judgment was rendered without proof, and in which the legal theory adopted by the trial court was sought to be defended.

Our opinion is also assailed as being in conflict with certain decisions by the Supreme Court and by other Courts of Civil Appeals. We will briefly review the cases chiefly relied upon.

The first case cited is Freeman v. Miller, 51 Tex. 443. This authority was considered by us on the original hearing, but thought to be distinguishable on the facts. The ground of distinction which we think clearly applies is that in that case the judgment by default was not taken upon a mere defective answer of the garnishee to the original writ. The judgment there was based upon the failure or refusal of the garnishee to make full answer to the commission, which was issued after his failure to answer the writ. The right of the plaintiff to take judgment in such case would seem to be clearly authorized by article 292, Revised Statutes, and we have not and do not hold to the contrary. In the instant case no commission at all was issued and the garnishee, being a nonresident of the county in which the proceeding was instituted, was entitled to the issuance of a commission before judgment could be taken against it, unless the plaintiff chose to take the alternative of controverting the answer filed and proving indebtedness. Hence we think the decision in Freeman v. Miller does not apply.

The same facts were involved in Selman v. Orr, 75 Tex. 528, 12 S. W. 697, as were found in Freeman v. Miller.

Melton v. Lewis, 74 Tex. 411, 12 S. W. 93, another Supreme Court decision relied upon, was an injunction case. It was sought to restrain the execution of a judgment in garnishment. As reported, the case does not show whether the garnishee was a resident or nonresident of the county in which the garnishment was sued out.

Defendant in error also cited Machine Co. v. Edwards, 9 Tex. Civ. App. 537, 29 S. W. 418, a case referred to in our opinion, and Hardware Co. v. Cotton Press Co., 26 S. W. 168, decisions by the Dallas Court of Civil Appeals. While the reports of these cases do not show whether the judgments were taken without proof, there are expressions therein which would seem to support the contention of defendant in error. The same may be said of Jones Hardware Co. v. Gunter, 184 S. W. 342, decided by the Court of Civil Appeals for the Seventh District. However, the latter case was reversed and remanded, because of the failure of the trial judge to grant the garnishee's equitable motion for new trial.

If the cases last cited should be construed to hold that a judgment may be taken without proof, in circumstances such as exist in this case, we cannot follow these holdings, for the reasons heretofore given and these hereafter indicated.

It is also vigorously insisted by counsel that, independently of the claimed conflict with prior adjudications, our decision substantially destroys the effectiveness of our garnishment statutes. It is said that our construction of these statutes, in effect, invites evasion by a garnishee, or, by the filing of incomplete and unverified answers, the garnishee is permitted to shift the burden of proof upon the plaintiff to establish the very things the writ commanded him to answer. We do not think such a result from our decision is justified; but, if so, it is because of the statutes themselves. It must be kept in mind that we are here considering the case of a nonresident garnishee. There is nothing in our opinion to deny a plaintiff

In garnishment his right to judgment by default, where a resident garnishee has made no answer, or has filed an answer so defective as to constitute no legal answer at all. In such case the plaintiff is, by article 282, clearly entitled to his judgment without proof. Nor have we held that, where a garnishee residing out of the county has failed or refused to answer interrogatories contained in a commission, issued and served upon him, the plaintiff is not entitled to his judgment without proof. As decided by the Supreme Court frequently, and by several of the Courts of Civil Appeals, the plaintiff in such circumstances is entitled to his judgment without proof, as is expressly authorized by article 292. We have merely held that, where no commission has issued to a nonresident, there is no authority in the garnishment statutes to render a judgment against him without proof, merely because he has filed a defective answer to the writ, subjecting himself to the jurisdiction over his person of the court from which the writ issued. This matter, if governed at all by the statutes on garnishment, is controlled by article 293 and succeeding articles. Under these provisions, if the answer of the garnishee should disclose indebtedness to the defendant, a judgment would be authorized without further proof. If such admissions are not contained in the answer as appears in the instant case, then, under article 293 and subsequent articles, it must be made to appear by proof that the garnishee is so indebted.

We have given to this matter unusually careful attention, and we are convinced that our original holding was correct. If the result should seem to be too favorable to a nonresident garnishee, that is a matter for which the Legislature is responsible. It has seen fit to give a garnishee residing out of the county the right to ignore the writ of garnishment and to refuse to answer thereunder without penalty of judgment, unless the plaintiff shall follow it up with a commission, which, in turn, the garnishee fails or refuses to answer. Indeed, so liberal is this statute that even then the plaintiff may not take judgment, if the garnishee shall previously have filed a full and complete answer to the writ, and shall have excused his failure to answer interrogatories in the commission. Obviously, we think, it was not intended that a garnishee who could ignore a writ of garnishment without subjecting himself to the risk of judgment would incur that penalty, under the statutes, where he, presumably in good faith, files an incomplete or insufficient answer, unless the admissions in his answer should justify a judgment.

The motion for rehearing will be overruled.

Motion overruled.