## KENTUCKY OIL CORPORATION v. DAVID.
### (No. 5.)*

(Court of Civil Appeals of Texas. Eastland.
June 19, 1925. Rehearing Denied
Oct. 23, 1925.)

1. **Judgment** &approx;106(9) — **Plaintiff's filing of controverting plea to garnishee's answer held not waiver of defect precluding entry of default judgment.**

Plaintiff's filing of controverting plea to garnishee's defective answer, creating issue of fact, *held* not waiver of defect precluding entry of default judgment, as such judgment was tantamount to striking the answer.

2. **Garnishment** &approx;145—**Notice to garnishee of court's action is not necessary.**

Notice to garnishee of court's action in sustaining exceptions to defective answer is not necessary.

3. **Garnishment** &approx;145—**Garnishee must notice exceptions filed to answer.**

Garnishee must take notice of exceptions filed to answer.

4. **Garnishment** &approx;142, 178—**Garnishee's answer, failing to answer statutory questions or answering them adversely held defective; defective answer authorized entry of default judgment.**

Answer of garnishee company, failing to answer one or more statutory questions in writ, based on affidavit complying with Rev. St. arts. 273, 275, or answering them adversely, *held* defective, authorizing entry of default judgment in view of article 282, as amended by Acts 37th Leg. (1921), c. 105, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 282).

Error from District Court, Stephens County; C. O. Hamlin, Judge.

Suit by Walter David, trustee against F. McCune Barnes and two others, in which the Kentucky Oil Corporation was made garnishee. Default judgment was entered against the garnishee, and it brings error. Affirmed.

Kay, Aikin & Kenley, of Wichita Falls, for plaintiff in error.

Hawkins, Hawkins & David, of Breckenridge, for defendant in error.

### Statement.

PANNILL, C. J. On March 9, 1923, judgment was rendered in favor of Walter David, trustee, against F. McCune Barnes, Kentucky Production Company, a trust estate, and H. G. Lewis. Writ of garnishment thereafter issued on this judgment against Kentucky Oil Corporation, a domestic corporation residing in Wichita county, as garnishee. The affidavit for the writ states all the grounds provided for in articles 273 and 275, Revised Statutes. The writ purported to state the substance of that affidavit and application, but omitted the allegations as to the ownership by judgment debtor of shares and interest in the garnishee corporation. The writ was returnable to the next term, beginning May 7, 1923, and required the garnishee to answer what, if anything, it was indebted to said Barnes, Kentucky Oil Corporation, and H. G. Lewis, and what other persons, if any within their knowledge, were indebted to the said F. McCune Barnes, Kentucky Oil Corporation, and H. G. Lewis; in all other respects the writ of garnishment was regular. No motion was made to quash the writ of garnishment, but the garnishee answered. The substance to the answer will be hereinafter noticed. At the same term, the plaintiff below filed his controverting plea, excepting to said answer generally and specially and controverting the same under oath. On May 27, 1924, plaintiff filed his motion for default judgment which was granted on the same day and judgment rendered against garnishee for the full amount of plaintiff's debt and interest. The case is here on writ of error.

### Opinion.

Defendant in error's motion for certiorari is granted. This motion was filed within 30 days from the filing of the transcript in the Court of Civil Appeals by the plaintiff in error and in the same case. This disposes of all questions made as to the sufficiency of the service of the writ of garnishment. Error in the judgment is asserted by the plaintiff in error by a number of assignments, but only those considered controlling will be discussed.

[1] The main contentions are that the plaintiff, by filing his controverting plea creating an issue of fact, waived the defects in the answer, and the court should have transferred the case; that the answer though defective was sufficient to prevent the rendition of the default judgment; that, inasmuch as the answer disclosed the ownership of stock in said corporation, it should have been for levy and sale of same and that the writ was misleading.

No answer was made as to the number of shares of stock owned at the time of the service of the writ, and none as to the inter-

---

est of the judgment debtors in the garnisheed corporation, either at the time of the service of the writ, or at the time of answering. No answer was made as to the knowledge of indebtedness by third persons to the judgment debtors at the time of the service of the writ. Under numerous authorities this answer was defective.

The other propositions are ruled adversely to garnishee's contentions in the following cases: Lamb-McAshan Co. v. Ellis (Tex. Com. App.) 270 S. W. 547; Oklahoma Petroleum & Gasoline Co. v. Nolan (Tex. Civ. App.) 253 S. W. 650; Melton v. Lewis, 74 Tex. 411, 12 S. W. 93; Selmon v. Orr, 75 Tex. 528, 12 S. W. ·697; Holloway Seed Co. v. Citizens' National Bank, 91 Tex. 187, 47 S. W. 95, 516; Freeman v. Miller, 51 Tex. 443.

[2] When plaintiff filed his controverting plea, at the same time and in due order, exceptions were filed, and the action of the court, in rendering judgment by default, was tantamount to sustaining such exceptions and striking out garnishee's answer. No notice to garnishee of the court's action is, it seems, required. Durfee Mineral Co. v. City National Bank (Tex. Civ. App.) 236 S. W. 516.

[3, 4] It is insisted that this case is ruled by Jamison v. Scarborough, 56 Tex. 358; Durfee Mineral Co. v. City National Bank (Tex. Civ. App.) 236 S. W. 516, supra; Lockhart v. Bowles, 1 White & W. Civ. Cas. Ct. App. § 344, and that these cases declare the rule to be that an answer in garnishment, though defective is sufficient to prevent rendition of a default judgment. It is believed that said cases do not sustain this contention. At any rate, since the amendment of article 282, Revised Statutes, by acts of 37th Legislature (1921) c. 105, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 282), requiring all garnishees, whether residents of the county of the forum or not, to answer, the holding of the above cases do not seem to be applicable; further, said decisions are predicated upon the showing in the record that the failure to answer was not willful.

Freeman v. Miller holds that failure to answer one or more statutory questions authorizes judgment against garnishee for full amount of plaintiff's debt, and that if such failure occurs through inadvertence or oversight, it is incumbent upon the garnishee to take the initiative, in a proceeding to set the default judgment aside. This holding was followed in Lamb-McAshan Co. v. Ellis, supra, and applied to the answer of a garnishee not a resident of the county under article 282 as amended, therefore prior decisions, though to the contrary, must yield.

There is no showing that the garnishee was misled by the alleged irregularities, but on the contrary, answer was made as to debtor's ownership of stock. In addition, the exceptions to the answer, of which garnishee must take notice, were on file from August until May following. By the use of ordinary diligence, garnishee should have discovered the defects in said answer and, if made by inadvertence, an amended answer could have been filed. It is concluded that this case is not within the rule announced in Jones Hardware Co. v. Gunter (Tex. Civ. App.) 184 S. W. 342.

The other assignments are not deemed material, but have been considered. All assignments are overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

In an able motion for rehearing, plaintiff in error forcibly contends that it had an answer, though defective, on file; that this answer showed ownership in the original debtor of two shares of stock in garnishee corporation, and, therefore, the trial court could only render judgment for the sale of such stock, and that this point was overlooked by us.

It was intended in the opinion to show, what it seems has been many times declared in the decisions, that a garnishee's answer, which fails to answer one or more statutory questions or which answers evasively, is no answer at all and may be disregarded and default judgment rendered. That this is the rule, even though the answer admits ownership of stock by principal debtor, is held in Gay Ranch Co. v. Pemberton, 23 Tex. Civ. App. 418, 57 S. W. 71. There are many analogous rules with reference to pleadings such as failure to verify a plea of non est factum; in such case the plea does not raise any issue, though not excepted to. City Water Works v. C. W. White, 61 Tex. 536; Pioneer Savings & Loan Co. v. Nall (Tex. Civ. App.) 36 S. W. 322; Smith v. Smith (Tex. Civ. App.) 200 S. W. 540.

The motion for rehearing is overruled.